1. TRANSFER TAX—PROPERTY SUBJECT.
   Under Laws 1896, p. 868, c. 908, art. 10, providing for a transfer tax on property, and section 242, declaring that the word "property" "includes all property or interest therein," and Laws 1892, p. 1486, c. 677, § 4, defining personal property as including everything except real property which may be the subject of ownership, the good will of the business of the firm is taxable to the estate of the sole owner of the firm, where his will transferred the good will.

In the matter of the estate of Robert Graham Dun. From an order assessing the transfer tax, the executors appeal. Modified.

Edward H. Fallows, for State Comptroller.
Paul M. Herzog, for executors.

THOMAS, S. The decedent was at the time of his death engaged in carrying on business under the firm name of R. G. Dun & Co. The appraiser designated under the tax law included in his appraisal the "good will of the business of the firm of R. G. Dun & Co., $2,000,000," and the tax was fixed on this basis by an order of a surrogate. The executor appealed from that order. In my previous memorandum (39 Misc. Rep. 617, 80 N. Y. Supp. 657), I stated that, upon the authority of the decision of the Appellate Division in this department in Matter of Hellman's Estate, 77 App. Div. 355, 79 N. Y. Supp. 201, the definition of "personal estate" or "personal property" contained in subdivision 4 of section 2 of the tax law (Laws 1896, p. 796, c. 908) must control, and I therefore determined that the good will of the business was improperly included in the appraisal. An appeal to the Court of Appeals was then pending, and both of the parties to the proceeding deemed it expedient to defer

the making of any order on my decision.  The Court of Appeals has now reversed the ruling of the Appellate Division, in Matter of Hellman, 66 N. E. 808, holding that the definition of "property" applicable to article 10 of the tax law, concerning taxable transfers, is that contained in section 242 in article 10 of the law, as follows:

"The words 'estate' and 'property,' as used in this article, shall be taken to mean the property or interest therein of the testator, intestate, grantor, bargainor or vendor, passing or transferred  *  *  *  and shall include all property or interest therein, whether situated within or without this state."

As defined by the statutory construction law (Laws 1892, p. 1486, c. 677, § 4), the term "personal property" includes "everything, except real property, which may be the subject of ownership."  Matter of Jones' Estate, 172 N. Y. 575, 585, 65 N. E. 570.  The good will of the business of the decedent is a right, exclusive in him and in those to whom he has given it by his will, to continue that business under the name used by him.  It is clearly a thing capable of being the subject of ownership, and it is stipulated to have a large value. It is, therefore, property.  Its value was properly included in the appraisal, and the order appealed from must in this respect be affirmed.

The omission to tax the remainder interests was, under Matter of Vanderbilt's Estate, 172 N. Y. 69, 64 N. E. 782, and Matter of Brez's Estate, 172 N. Y. 609, 64 N. E. 958, reported subsequent to the order, erroneous.  The order will, as to this, be reversed, and the tax will be imposed on such remainders pursuant to the supplemental report of the appraiser made pending this appeal.

Order affirmed in respect to good will, and reversed as to remainder interests.