ascertained facts. In the respects mentioned the moving papers present a case distinguishable from those where, without the disclosure of such effort· by the moving parties to learn without recourse to the grand jury minutes what was testified to before the grand jury, and wholly without the statement of any reason upon which a surmise is predicated that a grand jury received illegal evidence, or did not receive sufficient legal evidence, a motion is made for an inspection of the minutes of a grand jury upon a naked assertion that such was the fact.

No attempt should be made upon the decision of this motion to pass upon the questions which the motion papers and briefs indicate will come before the court upon the motion which the moving parties state they are about to make to dismiss the indictment. For the purposes of this motion it is sufficient that the moving papers indicate that such a motion is contemplated, and that it will apparently be made in good faith and upon grounds which concededly merit discussion and consideration. It is desirable that, if made, it be made upon the more accurate information obtainable alone from the minutes of the grand jury, so that it may beyond peradventure be disposed of upon the merits, and not upon a technicality. The case falls within that part of the opinion in the case of People v. Klaw, 53 Misc. Rep. 158, 160, 104 N. Y. Supp. 482, substantially followed in Matter of Montgomery, 126 App. Div. 72, 83, 110 N. Y. Supp. 793, and within the instances in which the latter decision states that it is proper that an inspection of a copy of such minutes should be granted.

Motion granted.

---

(60 Misc. Rep. 508.)

### In re KEAHON'S ESTATE.

(Surrogate's Court, New York County. September, 1908.)

1. TAXATION (§ 865*)—INHERITANCE TAX—PROPERTY SUBJECT—"OTHER VALUE IN BUSINESS."

Where the business of a decedent is continued by the administrator, the good will of such business is an asset subject to a transfer tax, under the term "other value in business."

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1680; Dec. Dig. § 865.*]

2. TAXATION (§ 895*)—INHERITANCE TAX—GOOD WILL.

In determining the value of the good will of a business for the purpose of a transfer tax, the net earnings of a single year should be multiplied by a certain number of years; the number depending on the nature of the business.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1714; Dec. Dig. § 895.*]

In the matter of the estate of Patrick H. Keahon. Appeal from an order fixing the transfer tax. Reversed and remanded.

Michael J. Scanlon, for appellant.
John S. Jenkins, for comptroller.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BECKETT, S.  Appeal from an order fixing tax, upon the ground that the appraiser erred in including as part of the assets of the estate the sum of $100,000 as a valuation of "other value in business based on earnings." This term is so very indefinite as to render it practically impossible for the court to determine with reasonable accuracy what particular property the appraiser intended to include in this valuation, and it might therefore be advisable to remit the report to the appraiser, so that he would state definitely what particular item or items of property are included in the somewhat vague and indefinite term "other value in business."

Upon the supposition that "other value in business" means the good will of the business, it would appear that, as the business under consideration was conducted and carried on by the administratrix in decedent's name, the good will of the business is in fact an asset in her hands (Matter of Mullon, 74 Hun, 358, 26 N. Y. Supp. 683), and as such it is taxable (Matter of Jones, 69 App. Div. 237, 74 N. Y. Supp. 702; Matter of Dun, 40 Misc. Rep. 509, 82 N. Y. Supp. 802; Slater v. Slater, 175 N. Y. 143, 67 N. E. 224, 61 L. R. A. 796, 96 Am. St. Rep. 605). In ascertaining the value of the good will it is necessary to determine the amount of capital employed in the business. The appraiser finds, from the affidavit submitted to him by the administratrix, that the gross value of the assets of the business was $43,610.02. Among the liabilities is an item of $26,500, notes due the Gansevoort Bank; but as the decedent had large holdings of real estate, and there is no evidence to show that he borrowed this money to be used in the trucking business, it cannot be considered a liability of the business. Excluding this item, the liabilities amount to $12,950.44. Deducting said amount from the total assets leaves a net capital of $30,659.58. The evidence before the appraiser shows that for the years 1905 and 1906 the average net annual profits were $26,679. Deducting from this $5,000, as salary of the decedent for managing the business, leaves $21,679, and subtracting from this the interest on the capital, namely, $1,839.57, leaves an annual net profit of $19,839.43.

While the courts in this country have not adopted any inflexible rule for ascertaining the value of the good will based on earnings, the Appellate Division, in Von Au v. Magenheimer, 115 App. Div. 84, 100 N. Y. Supp. 659, suggested that the proper rule would be to multiply the net earnings by a certain number of years; the number depending upon the nature of the business. In the second trial of that case the jury found the value of the good will to be approximately six times the average annual net earnings, and the court refused to set the verdict aside as excessive. Von Au v. Magenheimer, 126 App. Div. 257, 110 N. Y. Supp. 629. In Matter of Rosenberg, Surr. Dec. 1908, p. 265, Surrogate Thomas computed the value of the good will at twice the amount of the annual net profits; but in that matter the business was conducted by decedent under a monthly lease, so that it lacked permanence and stability. In the matter before us the business was conducted by decedent for a period of about 15 years. The amount of business done and the generally high commercial standing of its cus-

tomers would indicate that it was well and favorably known, and the fact that the net profit upon a comparatively small capital was about $26,000 per annum would suggest that it was decidedly profitable. As it was not a business that depended upon any special qualifications in the decedent, the good will must necessarily be valuable.

I have concluded that a conservative estimate of the value of the good will would be three times the annual net profits, or $59,518.29. The order fixing tax should be reversed, and report remitted to appraiser, so that he may reduce the value of the good will from $100,000 to $59,518.29.

Decreed accordingly.