In re DEMAREST'S ESTATE.

(Surrogate's Court, New York County. May 6, 1914.)

1. TAXATION ⬤⟶895—TRANSFER TAX—VALUE OF GOOD WILL—AVERAGE ANNUAL PROFITS.

Where, in ascertaining the average annual profits, to determine the value of the good will of a business for transfer tax purposes, it appeared that the profits of the business for one of the three years next preceding decedent's death were exceptionally large, owing to unusual circumstances, while the fourth year preceding his death showed a loss, the latter year should have been taken into consideration.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. ⬤⟶895.]

2. TAXATION ⬤⟶895—TRANSFER TAX—VALUE OF GOOD WILL—AVERAGE PROFITS.

In calculating the average annual profits as a basis of the value of the good will of a business, determined for transfer tax purposes, the profits or losses for the years immediately succeeding decedent's death should not be considered.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. ⬤⟶895.]

3. TAXATION ⊜⇒895—TRANSFER TAX—VALUE OF GOOD WILL—NET PROFITS.

The net profits, on which the value of the good will of a business is based for transfer tax purposes, are the profits remaining after deducting 6 per cent. interest on the capital employed in the business.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. ⊜⇒895.]

4. TAXATION ⊜⇒895—TRANSFER TAX—VALUE OF GOOD WILL—PROFITS.

The number by which the average annual profits of a business shall be multiplied, to determine the value of the good will for transfer tax purposes, depends on the nature of the business, the length of time during which it has been conducted under the particular name, the extent to which it has become known to the public through advertising or otherwise, how much of its success may be attributed to the personality of decedent, and like considerations.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. ⊜⇒895.]

5. TAXATION ⊜⇒895—TRANSFER TAX—VALUE OF GOOD WILL—PROFITS.

Where it appeared that the business, the good will of which was valued by the transfer tax appraiser, had been conducted for at least nine years prior to the date of decedent's death under one name, though it appeared that for many years prior to his death decedent took no active part in the management of the business, the reasonable value of the good will in such case for transfer tax purposes was three times the annual net profits.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. ⊜⇒895.]

In the matter of the estate of Aaron T. Demarest. From an order assessing tax on transfer of property, appeal is taken. Reversed, and appraiser's report remitted for correction.

Wellman, Gooch & Smyth, of New York City (Frederic C. Scofield, of New York City, of counsel), for executor and executrix

Charles M. Russell, of New York City, for state comptroller.

FOWLER, S. This is an appeal from an order assessing a tax upon the transfer of property affected by the will of decedent. The ground of appeal is that the appraiser erred in appraising the value of the good will of the A. T. Demarest Company.

The decedent died on the 15th of June, 1908. The total authorized capital stock of the A. T. Demarest Company was 1,000 shares, and of this amount the decedent owned 997 shares. The appraiser's valuation of the good will of the business was obtained by adding the net profits realized by the company for three years immediately preceding the date of the decedent's death and dividing the sum by three. The quotient, $61,751.70, was the average annual profits for the three years, and the appraiser reported that this sum was the value of the good will of the business.

[1-3] As the profits of the company for the year 1906 were exceptionally large, owing to unusual circumstances connected with the business of the company, while the year 1904 showed a loss, the latter year should be taken into consideration in ascertaining the average profits for the purpose of determining the value of the good will.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Matter of Ball, 161 App. Div. 79, 146 N. Y. Supp. 499. The profits or loss for the years immediately succeeding that in which the decedent died should not be used as a basis for calculating the average profits. Matter of Silkman, 121 App. Div. 203, 105 N. Y. Supp. 872, affirmed 190 N. Y. 560, 83 N. E. 1131. The net profits upon which the value of the good will is based are the profits remaining after deducting 6 per cent. interest on the capital employed in the business. Von Au v. Magenheimer, 126 App. Div. 257, 110 N. Y. Supp. 629; Matter of Ball, supra. The appraiser's report shows that he omitted to make this deduction in ascertaining the average annual profits.

[4, 5] The number by which the average annual profits, as so ascertained, should be multiplied in order to determine the value of the good will is dependent upon the nature of the business, the length of time during which it has been conducted under the particular name, the extent to which it has become known to the public through advertising or otherwise, how much of its success may be attributed to the personality of the decedent, and other considerations of a like character. While the record does not disclose the date of incorporation of the A. T. Demarest Company, it contains a reference to the business of the company in the year 1899, so that it was in existence at least nine years prior to the date of decedent's death. It appears, however, that for many years prior to his death he did not take any active part in the management of the business. Under these circumstances it would appear that the reasonable value of the good will for the purpose of the transfer tax would be three times the average annual net profits. Matter of Ball, supra.

The order fixing tax will be reversed, and the appraiser's report remitted to him for correction as indicated.