In the Matter of the Application of WILLIAM H. SEAICH, Respondent, for the Appointment of Three Persons to Appraise the Value of the Petitioner's Stock of the YELLOW TAXICAB COMPANY, a Corporation Merged in the MASON-SEAMAN TRANSPORTATION COMPANY, Appellant.

First Department, December 30, 1915.

Corporations — consolidation — objection by stockholder — determination of value of good will — interest on capital invested — valuation of taxicabs — allowance for depreciation and obsolescence.

Appraisers, appointed as provided in section 8 of the Business Corporations Law, for the purpose of determining the value of the stock of a stockholder in a taxicab company who objected to its consolidation with another domestic corporation, may determine the value of the good will of the taxicab company by dividing the total net earnings by twenty-one and one-half, the approximate number of months during which the company had been in business, and then multiplying the yearly profits so obtained by three, but they should deduct from the average net profits interest on the capital invested in the business.

Interest may be allowed on the value of the assets as determined by the appraisers on the date when the stockholder objected to the consolidation, excluding the value of the good will.

In determining the value of the taxicabs, the appraisers should have deducted twenty, instead of ten per cent per annum for depreciation and obsolescence.

APPEAL by Mason-Seaman Transportation Company from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of March, 1915, confirming the report of the appraisers in the above proceeding and denying a motion to set aside said report, and also as stated in the notice of appeal from the judgment entered in said clerk's office on the same day.

*Henry B. Twombly*, for the appellant.

*William J. Moran*, for the respondent.

McLAUGHLIN, J.:

Proceedings were instituted under section 7 of the Business Corporations Law (Consol. Laws, chap. 4; Laws of 1909, chap. 12) for the consolidation of two domestic corporations, the Yellow Taxicab Company and the Mason-Seaman Transportation Company, under the latter name. The respondent, who is the owner of 173 shares of the preferred, and 640 shares of the common stock of the Yellow Taxicab Company, objected [to the consolidation. Three appraisers were thereupon appointed as provided in section 8, for the purpose of determining the value of his stock. After numerous hearings, they filed a report in which they determined the value of the preferred to be $88.43 per share, or $15,298.39, and the common stock of no value. The report, upon motion of the respondent, was confirmed and the transportation company directed to pay to him, upon the surrender of his common and preferred stock, the sum of $15,298.39. From this order the transportation company appeals.

The appraisers determined the assets of the Yellow Taxicab Company, as of March 9, 1914 — the date when the respondent objected to the consolidation — to be $1,201,728.14, which included the valuation of the good will at $366,707.52.

The appellant urges that the appraisers erred in fixing the value of the good will. The Yellow Taxicab Company commenced business on May 21, 1912, and the appraisers found that the net earnings of the company for the year ending May 21, 1913, were $203,766.43, and for the subsequent period ending March 9, 1914, $15,239.48, making the total net earnings during the period mentioned $219,005.91. They divided the

First Department, December, 1915.            [Vol. 170.

total net earnings by twenty-one and one-half, approximately the number of months during which the corporation had been in business and found the average monthly profit to be $10,186.32, and the average yearly profit $122,235.84. They then multiplied the yearly profit by three, and took the result, $366,707.52, as the value of the good will.

The general method adopted in determining the value of good will is that suggested in *Von Au* v. *Magenheimer* (115 App. Div. 84) where it is stated that "the value of good will may be fairly arrived at by multiplying the average net profits by a number of years, such number being suitable and proper, having reference to the nature and character of the particular business under consideration." The appraisers, however, did not, as suggested on the second trial of the *Magenheimer Case* (126 App. Div. 257; affd., 196 N. Y. 510), deduct from the average net profits interest on the capital invested in the business, and of this the appellant complains.

I am of the opinion that interest should have been deducted. There are several authorities which indicate that interest on capital invested ought to be deducted from the average profits of a business before using such profits as a basis for determining good will. (*Von Au* v. *Magenheimer, supra; Matter of Ball*, 161 App. Div. 79; *Matter of Board of Water Supply*, 81 Misc. Rep. 19; *Matter of Keahon*, 60 id. 508.)

It is impossible to accurately determine from the record before us the capital upon which interest should have been allowed, but I think substantial justice will be done to both parties if interest be allowed on the value of the assets as determined by the appraisers on March 9, 1914, excluding the value of the good will. If this be done then the value of the assets on the day named was $835,020.62. Six per cent interest on that sum for one year is $50,101.24. If this amount be deducted from the average yearly profit, then that amount would be $72,134.60, instead of $122,235.84, as found by the appraisers, and multiplying this profit by three — the method adopted by the appraisers — the value of the good will was *$216,403.80*, instead of $366,707.52, and the assets of the corporation were *$1,051,424.42* instead of $1,201,728.14.

The appellant also urges that other reductions should have

been made, but only one of them, I think, requires serious consideration, viz., the one relating to the value of the taxicabs. In ascertaining that value the appraisers first determined their value on May 21, 1912 — the time when the corporation commenced business — to be *$539,100*. From this amount they deducted for depreciation and obsolescence at the rate of ten per cent per annum. The finding of the appraisers that the value of the taxicabs was $539,100 on May 21, 1912, is sustained by the evidence, but when all of it is considered I am of the opinion that twenty per cent per annum instead of ten should have been allowed for depreciation and obsolescence. If this be done then the value of the taxicabs on March 9, 1914, was *$362,275.20* instead of *$446,374.80*. The assets of the corporation on March 9, 1914, as determined by the appraisers, as already indicated, were $1,201,728.14. From this amount they deducted the conceded liabilities, $457,809.89, which left a surplus of $743,918.25, and it was upon this amount that they determined the value of the petitioner's preferred stock to be $88.43 per share. But, as has been pointed out, I think the appraisers overvalued the corporate good will to the extent of $150,303.72 and the value of the taxicabs $84,099.60, making in all an overvaluation of *$234,403.32*, which amount should be deducted from $743,918.25 — the surplus of assets over liabilities as found by the appraisers. After making this deduction then the surplus of assets over liabilities on March 9, 1914, was *$509,514.93*, and the value of petitioner's preferred stock, based on these assets, is *$60.57* per share, or *$10,478.61*.

In reaching this conclusion I recognize the impossibility of fixing, with a desired degree of accuracy, the value of the petitioner's stock, but I think that the result reached approximates as near as can be the true value of the stock and accomplishes substantial justice between both parties.

The order appealed from, therefore, is modified as indicated in the opinion, without costs.

INGRAHAM, P. J., CLARKE, SCOTT and SMITH, JJ., concurred.

Order modified as indicated in opinion, and as modified affirmed, without costs. Order to be settled on notice.