In the Matter of the Transfer Tax upon the Estate of Theodore Sprecher Wirth, Deceased.

Surrogate's Court, Bronx County, December, 1922.

**Transfer tax — appeal — valuation of good will — deductions — interest on invested capital — dividends.**

Where it appears in an appeal from an order entered in a transfer tax proceeding based upon an erroneous valuation of certain shares of stock, that an item of $960,000 in the account could represent the value of no property other than good will, such item should have been deducted and the value of the good will should have been arrived at in the manner provided by law. In arriving at the value of good will, interest at six per cent on invested capital should be deducted, and the fact that dividends were paid does not alter the matter. The inclusion of profits for the year 1920 was correct, considering that the lean years of 1917 and 1918 were also included. Order reversed.

APPEAL from order fixing transfer tax.

*John Boyle, Jr.,* for State Tax Commission.

*Bandler, Haas & Collins,* for executor.

SCHULZ, S.    This is an appeal from an order entered upon the report of an appraiser in a transfer tax proceeding.

The ground upon which it was taken is that the appraiser erred in arriving at the value of 420 shares of the stock of a corporation in which the decedent was a shareholder, and various particulars are set forth as to which it is claimed his method of valuation was incorrect.    Two of such, those designated as " C " and " F," in the amended notice of appeal, were not pressed upon the argument, and, as I understand, are waived, and hence have not been considered by me.

No question is raised as to the correctness of the balance sheets and accounts submitted to the appraiser, and I must, therefore, determine the matter upon the assumption that they are correct.

The accounts do not show that the item of $960,000 represents the value of any property other than good will.    The bonds secured by a mortgage on the tangible property of the corporation were carried as a liability.    As the company did business from year to year, it proceeded to retire these bonds.    This continued until the whole $1,000,000 was paid off.    The item of liability for the bonds then entirely disappeared from the account.    If the $960,000 represented the value of the bonds redeemed or of the tangible assets after the payment of the bonds, then the corporation charged itself twice with the same item, for it not only struck it out of the list of liabilities but also added it to its list of assets.    Again this item is part of the larger item of $1,082,733.95, which appears on the balance sheet of April 15, 1916, long before the bonds were all paid off, and hence cannot represent the value of the assets as increased by the payment of the bonds.

As it appears that the amount of bonds issued was in fact the value of the tangible assets, this item of $960,000 could have been for nothing but the good will, and (or) contracts and patents and as it has been testified and not controverted, that the contracts and patents were of no value at the time of the death of the decedent, it would follow that both the item $122,733.95 and the item $960,000 represent nothing but good will in the year 1920.

The book value of good will should have been deducted and the value of the good will should have been arrived at in the manner provided by law.    *Matter of Seaich,* 170 App. Div. 686, 688; affd., 219 N. Y. 634.    As only $122,733.95 have been deducted, it follows

Surrogate's Court, New York County, December, 1922.        [Vol. 119

that the additional sum of $960,000 should also be deducted as contended by the appellant.

In ascertaining the value of good will the appraiser failed to allow interest on invested capital. In this he was in error. In arriving at the value of good will, interest at six per cent on invested capital should be deducted. *Matter of Seaich, supra; Von Au v. Magenheimer*, 126 App. Div. 257; *Matter of Ball*, 161 id. 79; *Matter of Demarest's Estate*, 157 N. Y. Supp. 653; cases cited in *Matter of Ulrici*, 111 Misc. Rep. 55; *Matter of Boettger*, N. Y. L. J. Dec. 18, 1915. I know of no authority holding that this applies only to closely held corporations.

The fact that dividends were paid does not alter the matter. In arriving at the average net profits which form the basis of the valuation of good will, they were properly calculated before, not after the declaration, deduction and payment of dividends, so that an allowance of six per cent interest on the capital invested will not be in addition to such dividends, as contended by the commission.

No question has been raised by the tax commission that the number of years purchase taken by the appraiser as one of the elements of fixing the value of the good will should have been more, and I am satisfied that they should not have been less; therefore, in that respect no error detrimental to the appellant was committed. Nor do I deem the inclusion of the profits for the year 1920 erroneous considering the fact that the lean years of 1917 and 1918 are also included. The contention of the appellant in that regard is not sustained.

The other matters referred to, however, require that the order be reversed and the matter referred back to the appraiser to proceed as indicated above.

Order reversed.