In the Matter of the Transfer Tax upon the Estate of JAMES S. BOLTON, Deceased.

Surrogate's Court, Bronx County, June, 1923.

**Transfer tax — appraisal of interest in business — method of valuation — good will — executors' commissions and widow's allowance to be deducted.**

Where a will declares that certain provisions for testator's wife " are made and are to be accepted by her in lieu of dower " and the widow accepts such provisions, the transfer tax appraiser was correct in not making an allowance for dower.

While there is no hard and fast rule for ascertaining the value of the good will of a business, the approved method is to obtain the average yearly net profit extending over a period of years after deducting interest at six per cent on the amount of capital invested each year and then to take a number of years' purchase of the balance, but in each instance the particular circumstances must be given consideration.

The transfer tax appraiser in fixing the value of certain shares of an unlisted corporate stock of which no sales appeared to have been made, added to the value of the net assets of the corporation the value of the good will of its business and divided the result by the number of shares of stock. *Held,* that the appraisal of the good will based upon an average yearly profit for a period of seven years, including the years 1916–1919, inclusive, which showed extraordinary profits owing to the World War, was not a fair valuation; a more equitable result would follow if the profits for the years 1910–1921, inclusive, were taken as a basis for the average per annum profit and a three years' purchase of that result obtained; interest on the whole capital invested in each of the years of which the average is taken should be deducted from the profits of that year.

Under section 226 of the Tax Law a deduction was allowable for executors' commissions although each of the executors was given a legacy in lieu of his commissions.

The widow's exemption of $150 should have been deducted before fixing the transfer tax.

Order fixing tax reversed and the matter remitted to the appraiser to proceed in accordance with the opinion of the court.

APPEAL from order fixing transfer tax.

*Charles F. Hallock,* for executors.

*Charles A. Curtin,* for state tax commission.

SCHULZ, S. The executors of the decedent's last will appeal from the order fixing the amount of the tax upon the transfer of his property pursuant to the terms thereof. They contend that the appraiser erroneously failed to deduct the value of the widow's dower before making such appraisal.

The decedent made certain provisions for his wife, and with respect to them stated that they " are made and are to be accepted by her in lieu of dower in my estate." Upon the argument it was agreed that for the purposes of this appeal it might be assumed that the widow has accepted the provisions thus made instead of insisting upon her dower. The appraiser was correct in not making an allowance for the widow's dower under these circumstances. *Matter of Gould,* 156 N. Y. 423; *Matter of Riemann,* 42 Misc. Rep. 648; *Matter of Barbey,* 114 N. Y. Supp. 725; *Matter of Stuyvesant,* 72 Misc. Rep. 295; *Matter of Taylor,* N. Y. L. J. May 26, 1923.

The second ground of appeal is that the appraiser's valuation of 200 shares of the stock of a corporation which had been owned by the decedent is excessive. The stock was not listed, no sales appear to have been made, and the appraiser in fixing its value attempted to follow the method now generally adopted and sanctioned by the authorities when dealing with stock of this kind. This consists of adding to the value of the net assets of the corporation the value of the good will of its business, and dividing the result by the number of shares of stock into which the capital is divided. *Matter of Jones,* 172 N. Y. 575; *Matter of Rees,* 208 id. 590, affg. order of surrogate, without opinion. In arriving at the value of the assets, he has added the sum of $408,728.77 surplus. This amount, however, had already been included in the calculation of assets and hence has been appraised twice.

In ascertaining the value of the good will, the approved method is to obtain the average yearly net profit extending over a period of years after deducting interest at six per cent on the amount of capital invested each year (*Matter of Seaich,* 170 App. Div. 686;

affd., 219 N. Y. 634; *Matter of Ball*, 161 App. Div. 79; *Matter of Silkman*, 121 id. 202; affd., 190 N. Y. 560; *Von Au* v. *Magenheimer*, 115 App. Div. 84; 126 id. 257; affd., 196 N. Y. 510), and then to take a number of years' purchase of the balance. There is no hard and fast rule as to the number of years of which an average shall be obtained nor as to the number of years purchase that shall be taken. See cases cited in *Matter of McMullen*, 92 Misc. Rep. 637. In each instance the particular circumstances must be considered. In the present matter, the appraiser has taken the average net profit for the years 1915 to 1921, inclusive, deducted six per cent interest on what he claims is capital invested, and taken a three-year purchase of the balance then remaining, and thus reached his valuation of the good will. During the years 1916 to 1919 inclusive, the profits of the corporation were extraordinarily large due to the World War. Thus, the average profits for the five years, 1910–1914, inclusive, were $35,674.68, while the average profits for the next five years, 1915–1919, inclusive, were $149,210.66. In the affidavit of the president of the corporation the reason for these large profits is stated, and his explanation is not in any way controverted or impeached. To base the appraisal of the good will upon an average for a period of seven years, where four of the seven years have been so unprecedentedly profitable, does not appear to me to result in a fair valuation which is the end sought to be attained. *Matter of Ball, supra.* A more equitable result would be obtained if the profits for the years 1910 to 1921, inclusive, were taken as a basis for the average per annum profit and a three years' purchase of that result obtained, and the appraiser is directed to so proceed.

It also appears that the appraiser has deducted interest on only two items of capital. Interest on the whole capital which is invested in each of the years of which the average is taken should be deducted from the profits of that year.

The decedent in his will nominated two executors and gave a legacy to each, providing, however, that such legacies were in lieu of the commissions of such executors. It is correctly urged by the appellants that the appraiser erred in failing to allow any deduction for executors' commissions.

The statute provides that " the excess in value of the property so bequeathed * * * above the amount of commissions * * * prescribed by law in similar cases shall be taxable," and an allowance should, therefore, have been made. Tax Law 1909, chap. 62; Cons. Laws, chap. LX, § 226; *Matter of Silliman*, 79 App. Div. 98; affd., 175 N. Y. 513.

I am also of the opinion that the appraiser should have deducted

the widow's exemption of $150, as contended for by the appellants, before fixing the value of the estate for purposes of taxation. *Matter of Libolt*, 102 App. Div. 29.

For the reasons stated, the order is reversed and the matter remitted to the appraiser to proceed as indicated.

Order reversed.