In the Matter of the Estate of WILLIAM L. MARSHALL, Deceased.

Surrogate's Court, New York County, March 31, 1924.

Taxation — transfer tax — valuation of shares of stock owned by decedent — proper basis of appraisal is value as shown by books of corporation plus value of good will less proved depreciation in assets — valuation deduced solely from comparison with prices quoted in open market for listed securities having same financial return erroneous.

An appraiser engaged in determining the value of shares of stock in a transfer tax proceeding should appraise the stock at its value as shown by the books of the corporation as of the date of the death of the decedent, making due allowance for all proved depreciation in the assets and adding to such book value the amount of the good will. All profits should be included in the calculation of the good will which were incident to the conduct of the business of the corporation.

Accordingly, a report in a transfer tax proceeding is erroneous and should be remitted for reconsideration where it appears that the expert accountant employed by the executors of the decedent's estate predicated his valuation solely from a comparison with the prices quoted in the open market for listed securities having the same financial return, rather than ascertaining the value of the stock from the books of the concern, and where there was a disregard of the profits of the corporation made through financial transactions.

TRANSFER tax proceeding.

*William P. Maloney*, for the executors.

*Charles A. Curtin*, for the State Tax Commission.

O'BRIEN, S.   This appeal is taken by the state tax commission from the order fixing the transfer tax on the ground that the shares of stock owned by decedent in the corporation known as William L. Marshall Company Limited, were undervalued.   The stock has been valued at $60 per share by the appraiser, which is the value given to it by an expert accountant employed by the executors. After a substantial depreciation from the value of the assets of the corporation as shown by the books, the statement submitted by said expert indicates a value of $81.06 per share for the stock as of the 31st day of December, 1921.   By eliminating from the profits of the business the earnings for the year 1919 — characterized as abnormal — and disregarding the profits made through financial transactions, the expert finds that the element of good will is not present.   His valuation of $60 per share is not deduced from the books of the concern, but solely from a comparison with the prices quoted in the open market for listed securities having the same financial return.   This method of appraisal is erroneous. *Matter of Laidlaw*, 176 N. Y. Supp. 885; *Matter of Locke*, 123 Misc. Rep. 291.

The appraiser should have appraised the stock at its value as shown by the books as of the date of death of decedent, July 24, 1921, making due allowance for all *proven* depreciation in the assets and adding to such book value the amount of the good will. *Matter of Seaich,* 170 App. Div. 686; affd., 219 N. Y. 634; *Von Au* v. *Magenheimer,* 126 App. Div. 257; affd., 196 N. Y. 510; *Matter of Ball,* 161 App. Div. 79; *Matter of Flurscheim,* 107 Misc. Rep. 470. All profits should be included in the calculation of the good will which were incident to the conduct of the business of the corporation. *Matter of Flurscheim, supra.*

The report is remitted to the transfer tax appraiser for reconsideration.

Decreed accordingly. _____