In the Matter of the Estate of FREDERICK KOPPER, JR., Deceased.

Surrogate's Court, New York County, June 21, 1929.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the petitioner Guaranty Trust Company.

*Charles A. Curtin,* for the State Tax Commission.

*Webb, Patterson & Hadley,* for the executors of E. Caroline Capen, deceased.

*Henry Schackno,* special guardian for Louise Kopper.

*Charles H. Strong,* special guardian for Sarah R. Clarke.

FOLEY, S. The administrator takes this appeal from the report of the transfer tax appraiser and the order entered thereon upon the following grounds: (1) That the appraiser failed to allow as a deduction from the taxable assets the dower interest of the dece-

dent's widow in certain real property owned by him in the city of New York and subject to a contract of sale entered into by the decedent, to which contract his widow was not a party; (2) that the appraiser disallowed as a deduction from the taxable assets the balance of the purchase price of certain real property located in the State of Maryland and contracted to be purchased by the decedent during his lifetime; (3) that the appraiser did not allow as a deduction the statutory exemption in the amount of $150 allowed to the widow under section 200, subdivision 4, of the Surrogate's Court Act; (4) that by reason of the foregoing, the distributive shares of the widow and next of kin have been erroneously determined, and that the tax assessed thereon is illegal.

The decedent died on April 5, 1927. The first ground of appeal is sustained. In my determination in the accounting proceeding in this estate, decided herewith (135 Misc. 730), I held that the property passed as realty, and that there was no equitable conversion into personalty. The widow's dower interest should, therefore, be allowed as a deduction from the value of this property.

The second ground of the appeal is denied. Section 230 of the Tax Law (as amd. by Laws of 1925, chap. 144)* provides as follows: " No deduction shall be allowed from the appraised value of the property transferred on account of any liability of decedent incurred or assumed by the acquisition, care, improvement, use, enjoyment or disposition of property without the state, the transfer of which is not subject to tax under the provisions of this article."

In *Matter of Smith* (N. Y. L. J. March 10, 1926) I specifically held that this section is applicable when the decedent has an interest in real property passing at his death by will, deed or descent, which because of its location without the State is not taxable. Under the law of both Maryland and New York the decedent was the equitable owner of the real estate as of the date of the contract. The Legislature has expressly declared that the liability on the acquisition of the property shall not be allowed as a deduction against the value of the assets transferred in this State. This statute, therefore, recognizes the fact of liability and overrides, for tax purposes, the fiction or theory urged by the appellant here that equity will regard the purchase price as paid before the decedent's death. The appraiser, therefore, properly disallowed as a deduction the balance of the purchase price of the real property located in the State of Maryland.

The third ground of the appeal is sustained. There should be allowed as a deduction from the taxable assets the sum of $150

---

* Since amd. by Laws of 1928, chap. 549.—[REP.

as provided in section 200, subdivision 4, of the Surrogate's Court Act. (*Matter of Bolton*, 121 Misc. 51.)

By reason of my determination of the first and third grounds of appeal herein, the distributive shares of the decedent's widow and sisters will not be the same as reported by the transfer tax appraiser, and to that extent the fourth ground of appeal is sustained.

An order may be submitted, on notice, remitting the report to the transfer tax appraiser for correction in accordance with this decision.