In the Matter of the Estate of OSCAR S. FOSTER, Deceased.

Surrogate's Court, Oneida County, February 2, 1933.

*Martin & Rendell* [*Richard R. Martin* of counsel], for the estate of decedent.

*J. Ezra Hanagan*, for the State Tax Commission.

EVANS, S. This is an appeal from a *pro forma* order of the surrogate in transfer tax proceeding, whereby the value of shares of common stock in Foster Brothers Manufacturing Company was fixed at $214.13 each. The decedent owned 1,214 shares of this stock.

This is an old-established concern engaged in the manufacture and sale of beds, springs, mattresses, etc., in Utica, N. Y.

There are 3,500 shares of common stock, closely held by members of the Foster family. No shares have been sold in the open market so that value cannot be estimated from sales. The decedent died on September 12, 1931. In the tax proceedings the executor filed with his return and schedules the balance sheets showing the assets and liabilities of the corporation and its profit and loss statement for the years 1928, 1929, 1930 and 1931.

The stock was appraised from the balance sheets so submitted. The value of good will was not considered. The value of the preferred stock was fixed at $100 per share and, as before stated, the value of the common stock was fixed at $214.13 per share. No question is now raised concerning the valuation of the preferred stock. The valuation of the common stock was obtained by ascertaining its book value. The face value of 3,500 shares at $100 per share amounted to $350,000, to which was added surplus and undivided profits amounting to $399,472.67, their sum being $749,472.67. The latter amount, divided by 3,500 shares, gives a quotient of $214.13 as the value of each share.

The executor contends that the result obtained by the book value method is excessive and does not represent true value. It is obvious that any method of imposing a tax should possess the virtue of uniformity. It should also have the quality of stability. Too much flexibility in the mechanics of the scheme is liable to result in injustice. Fairness requires the application of one rule in fixing value of like property in all estates. In the case at bar there is no disagreement as to figures. Different results are obtained by a different process of arithmetic. "A thing is worth what it will bring" is generally accepted as a truism.

In the case of corporate stock closely held with no proof of sales the impossibility of proving a sale value is evident. The appellant produced evidence by an expert accountant whereby he submitted three methods in use by members of his profession in ascertaining the value of common stock. The first method is called the "earning return basis." By this process the net earnings for five years are added and from the sum obtained deduction is made for dividends paid upon preferred stock. The balance is divided by the number of years (five) and the quotient obtained represents average yearly earnings. This amount is then divided by whatever per cent is considered a fair return and the result represents the value of the common stock. This amount, divided by the number of shares, gives the value of each share. A return of eight per cent gives a value of $108.98 per share. A return of seven per cent gives a value of $124.55 per share.

The second method is designated the "Excess earnings basis." This operation consists of taking the average net earnings over a given period (five years) and deducting therefrom the product obtained by multiplying the par value of the stock by a per cent considered as a fair return. The remainder shows excess earnings. This amount is divided by twenty per cent as a basis to obtain fair speculative value in shares. The result, added to the par value of stock, gives the total value of common stock. This amount, divided by the number of shares, equals the value of each share. On a return reckoned at eight per cent the value of each share is $103.59. On a return at seven per cent, the result is $108.59 per share.

The third method is styled the "Earning per share or times earning basis." This operation requires first a determination of the net average earnings over a given period (five years) and then dividing by the number of shares of stock which gives the average earnings of each share. Capitalize each share earnings a sufficient number of times to produce a value upon which a reasonable return, when computed will yield the per share average earning power.

The total net earnings over a five-year period less dividends paid upon preferred stock show the earnings applicable to common stock. This amount divided by the number of years (five) gives the average yearly earnings. This amount divided by the number of shares of stock shows the average yearly net earnings per share. Taking $8 as a reasonable return on each share and dividing the par value of $100 gives $12\frac{1}{2}$ times the return. In this case the average net earnings per share is $8.72 and that amount multiplied by $12\frac{1}{2}$ gives a value per share of $109. On a basis of seven per cent as a fair return the value per share is $124.26.

While these methods may have merit in arriving at value for certain purposes, the fact remains that for transfer tax purposes, courts appear to have approved appraisals based on book value of stock of the kind owned by this estate. (*Matter of Dupignac*, 123 Misc. 21; *Matter of Locke*, Id. 291; *Matter of Seaich*, 170 App. Div. 686; affd., 219 N. Y. 634; *Von Au* v. *Magenheimer*, 126 App. Div. 257; affd., 196 N. Y. 510; *Matter of Ball*, 161 App. Div. 79; *Matter of Hoffman*, 204 id. 497.)

In harmony with a national condition proof was made of diminishing returns from business of this corporation. It seems to me that this is a factor impossible to measure in its future bearing on the value of stock.

The appraisal, I think, was made in accordance with settled rules and the order appealed from should be affirmed and the appeal dismissed.

Decreed accordingly.