Prey, S.
This proceeding comes before me by way of an appeal from a pro forma tax order fixing the tax on the estate of the above-named deceased dated September 7, 1955.
Andrew J. Forness died in the city of Salamanca, New York, on or about the 7th day of June, 1955, leaving a last will and testament which was duly admitted to probate in the Surrogate’s Court of Cattaraugus County June 27,1955. The decedent, after making bequests of $500 to each of his three children, gave the rest of his estate unto his wife who was duly appointed executrix under said last will and testament. The executrix duly petitioned for the appraisal of the estate under article 10-C of the Tax Law and a pro forma tax order was granted September 7, 1955, by which pro forma tax order the transfer tax upon said estate was determined to be $68.87. The attorney for the New York State Tax Commission filed an appeal from said tax order on November 3,1955, by which he gave notice that the State Tax Commission appealed from said tax order on the grounds that:
1. The deduction of $2,000 allowed in Schedule N of the tax return as property set off to the widow as widow’s exemption pursuant to section 200 of the Surrogate’s Court Act was improper and that the order allowing the same was erroneous:
2. That the said tax order erroneously allowed a deduction as a widow’s exemption.
*1033 3. That the said tax order erroneously failed to include in the decedent’s gross estate the full value of the real and personal property owned by the decedent, and
4. That the amount of tax as fixed by said order is incorrect and is less than the amount to which the decedent’s estate is liable pursuant to the provision of article 10-C of the Tax Law.
Schedule N of the tax return claimed as deductions, property set off to the widow pursuant to section 200 of the Surrogate’s Court Act of the sum of $1,000 representing household furniture and equipment, and cash of $1,000, total of $2,000, and the tax appraiser allowed the exemption as a deduction.
It is the contention of the respondent executrix, who is the surviving widow, that the property set off to her as exemption under section 200 of the Surrogate’s Court Act is not a part of the estate of said decedent by virtue of the language of the statute itself, and that it is not subject to tax. Section 200 of the Surrogate’s Court Act has been the law of this State since the revision of the Surrogate’s Court Act in 1914. It has been changed by several amendments which did not change the general intent of the statute but merely increased the exemptions in line with the economical status of society. Section 200 of the Surrogate’s Court Act is titled, “ Exemption for benefit of Family ”, and the language of the statute itself reads as follows: “ If a person having a family die, leaving a widow or husband, or minor child or children, the following articles shall not be deemed assets but must be included and stated in the inventory of the estate as property set off to such widow, husband or minor child or children ”. (Italics supplied.) Under subdivision 1 of said section 200, household equipment and utensils to the extent of $1,000 are made exempt, and under subdivision 4 money or personal property not in excess of $1,000 is exempt subject to conditions stated.
The decedent here had money to the extent of $1,000 and household furniture and utensils of the value of $1,000, both of which were set off to the widow and claimed as deductions under Schedule N of the tax return.
Counsel for the respondent has cited cases in which the courts have held that money and property set off to a surviving widow pursuant to the authority of said section 200 of the Surrogate’s Court Act shall be excluded from the taxable assets of the estate. The court, Surrogate Foley, in the case, Matter of Dwyer (145 Misc. 603, 605) says, “ The second ground of appeal is sustained and the household articles are held to be exempt under section 200 of the Surrogate’s Court Act, and proper deductions from *1034 the gross estate.” Surrogate Foley in the case, Matter of Kopper (135 Misc. 728, 729-730) says, “ There should be allowed as a deduction from the taxable assets the sum of $150 as provided in section 200, subdivision 4, of the Surrogate’s Court Act ”, and cites Matter of Bolton (121 Misc. 51).
These cases were decided prior to the amendment of section 200 of the Surrogate’s Court Act in 1943 (L. 1943, ch. 491), which added the language:1 £ Such property so set apart, at least to the extent thereof, shall be deemed reasonably required for the support of said widow, husband, minor child, or children of the deceased during the settlement of the estate ”, and this amendment was also prior to the enactment of the present article 10-C of the Tax Law. This amendment was enacted, as explained in the revision notes, to secure from Federal taxing authorities allowance as deductions in estate tax computations of sums authorized to be set apart, pursuant to section 200 of the Surrogate’s Court Act. The absence of such a declaration in said section had resulted in inclusion of exempt property as part of the taxable estate for Federal estate tax purposes. Such declaration would not change the meaning or the intent of the statute itself, as it has been repeatedly and in many cases interpreted by the courts, by declaring that such exemptions are allowable as proper deductions in transfer tax proceedings. These cases were also decided prior to the enactment of chapter 206 of the Laws of 1952 but the fundamental structure of the original statute known as section 200 of the Surrogate’s Court Act was not changed.
The appellant argues that when the Tax Law, article 10-C, was amended in 1952, the effect of which was to delete from paragraph (e) of subdivision 1 of section 249-s the words, £ ‘ reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent ”, the Legislature clearly showed its intent to eliminate said exemption, as fixed and permitted by section 200 of the Surrogate’s Court Act, as deductions for tax purposes. With this argument I am not in accord, nor do I agree with appellant as to its interpretation of the memorandum submitted by the commission when chapter 206 of the Laws of 1952 was enacted. If the exemptions permitted under section 200 of the Surrogate’s Court Act can qualify as deductions for marital deduction purposes in transfer tax proceedings, such exemptions surely also qualify as deductions when the surviving spouse does not obtain or is not entitled to the benefits under the marital deduction law.
*1035 The appellant cannot be permitted to successfully contend, that the addition of certain language in a statute which, when made, was for a certain specific objective and when such language was no longer necessary for the original purpose, then to claim, by taking that same language away from the statute that the original meaning and intent of the statute was wholly changed. That is what happened to paragraph (e) of subdivision 1 of section 249-s of the Tax Law and now the appellant seeks to have a determination that that sequence of amendments completely changed the meaning and intent of a wholly separate statute, namely section 200 of the Surrogate’s Court Act.
I do not believe that the State Legislature by such action ever intended to change the full import of section 200 of the Surrogate’s Court Act. If it had so intended, it would have been a simple matter to specifically amend section 249-r of article 10-C of the Tax Law so as to include any exemptions entitled to be set off as such to a surviving spouse or a child by authority of section 200 of the Surrogate’s Court Act, as a part of the taxable gross estate for tax purposes.
Section 200 of the Surrogate’s Court Act flatly declares that property permitted to be set off as exemptions to a surviving spouse or child or children shall not be deemed assets of the estate, which means in the opinion of the court, that such property set off as exemptions under said section 200 of the Surrogate’s Court Act shall not be taxable unless specifically made subject to tax by the Tax Law itself, and section 249-r of the Tax Law which defines the method of determining the gross estate of a decedent is silent on this question. If it had been the intention of the Legislature to change the exemptions authorized by section 200 of the Surrogate’s Court Act, then section 249-r of the Tax Law would have been amended to so provide.
I can see no distinction between the words, “Gross estate for purposes of estate taxes,” and the words, “Gross estate for purposes of distribution or administration”; they mean the same thing. Neither do I see any distinction between the words, “Ownedby decedent at death,” and the words, “Property transferred by will or by intestate laws ”; they are synonymous, so far as their meaning can be interpreted in its relation to the issue here for determination.
I conclude, therefore, that the deductions allowed by the transfer tax appraiser in the sum of $2,000 for property set off to the widow of the deceased were proper deductions, properly allowed, and that the tax upon the estate of said deceased was properly computed, and that the amount of the tax as fixed by *1036 the pro forma tax order dated September 7, 1955, is correct and is the full amount of the tax to which the decedent’s estate is liable. I decide, therefore, that the pro forma tax order dated September 7, 1955, which fixes and determines the transfer tax upon the estate of said decedent to be $68.87 should be sustained, without costs to either party.
Let decree enter accordingly.