Alonzo J. Prey, S.
The petition of Ruth Fehrenbach, administratrix, of the goods, chattels and credits of Nina Schnell, filed in the office of the Surrogate on June 14, 1956 asks that a citation issue directed to Walter Blessing, administrator of the estate of Herman J. Schnell. deceased, praying *419 that the funds received from the sale of household furnishings and a motor vehicle he set off as exempt property to the estate of Nina Schnell, surviving widow of Herman J. Schnell, deceased, and also that the sum of $1,000 in cash for personal property be set off to the estate of the surviving widow of said deceased pursuant to section 200 of the Surrogate’s Court Act. The issues in the proceeding have been joined by an answer filed on behalf of the respondent administrator c. t. a. in the office of the Surrogate on July 13,1956 and the attorneys for both the petitioner and the respondent have submitted the matter to the court on memorandum, as solely a law question, there being no dispute as to the facts.
Herman J. Schnell died on the 22d day of December, 1954 leaving him surviving, Nina Schnell his widow who survived him by about 30 days, she having passed away January 20,1955.
The last will and testament of the said Herman J. Schnell has been duly admitted to probate and Walter Blessing, a nephew, was appointed as administrator with the will annexed. Nina Schnell died intestate and the petitioner, Ruth Fehrenbach, was duly appointed administratrix of her estate.
The attorneys for the respective parties by stipulation have agreed that the sum of $679.58, representing the proceeds from the sale of an automobile and of personal property, be retained in escrow by the petitioner pending the determination of this matter. It is further stipulated that there were bank accounts of the sum of at least $1,000 owned by the deceased, Herman J. Schnell, at the time of his death. The surviving widow did not, during the 30 days that she survived her husband, make demand for, nor exercise her right of, setoff, of the exempt property to which she was entitled under section 200 of the Surrogate’s Court Act.
It is the contention of the respondent that, she not having done so, her estate cannot now seek that relief, that it was personal to her and that such right of setoff cannot be exercised by her administratrix.
It is the further contention of the respondent that the amendment to section 200 of the Surrogate’s Court Act enacted in 1943 which added the words (L. 1943, ch. 491), “ Such property so set apart, at least to the extent thereof, shall be deemed reasonably required for the support of said widow, husband, minor child, or children of the deceased during the settlement of the estate ”, supports their contention that the right of setoff by this amendment, was by such amendment, made personal to the surviving widow.
*420 Counsel for the respondent in point 2 of their memorandum contend that the surviving widow has already received property in excess of $1,000 by way of joint deposits standing in the name of the deceased, Herman J. Schnell, and his wife, Nina Schnell, that such deposits became her property upon his death and that her estate is not entitled to an additional $1,000 out of the proceeds of his estate.
The court cannot agree with either contention advanced by counsel for the respondent.
It is the opinion of the court that the right to claim exemption setoff authorized by section 200 of the Surrogate’s Court Act is not a personal right in the surviving spouse only, but may be exercised by the representative of the estate of such deceased spouse.
Section 200 of the Surrogate’s Court Act, as amended in 1943, did not change the original intent of the statute, which allowed the exemptions for the benefit of the surviving spouse or children, as it has been, through the years, interpreted by the courts. The amendment in 1943 was added solely for the purpose of making it possible to qualify such exemptions as deductions for Federal estate tax purposes (see revisor’s notes). I so held in a memorandum decision made by this court (Matter of Forness, 1 Misc 2d 1032) where a tax question was the issue involved and that said amendment did not change the true meaning of the original statute.
The fact that. part of the funds of the deceased, Herman J. Schnell, were on deposit in banks in the joint names of himself and his wife, does not alter her right to an additional $1,000 exemption from his estate.
I conclude, therefore, that the petitioner, Ruth Fehrenbach as administratrix of the estate of Nina Schnell, deceased, is entitled to all the relief prayed for in her petition. Let decree enter, therefore,
1. Adjudging that the proceeds of the sale of the motor vehicle and household goods totaling $679.58 held in escrow by the petitioner, are exempt property under section 200 of the Surrogate’s Court Act and that said funds may be retained by said petitioner for the benefit of the estate of Nina Schnell, deceased.
2. Directing Walter Blessing as administrator with will annexed under the last will and testament of Herman J. Schnell, deceased, to set apart and deliver to the petitioner the sum of $1,000 cash out of the personal estate of said deceased as *421 exempt property to the widow under section 200 of the Surrogate’s Court Act.
The prayer of the petitioner is granted, without costs to either party.
Decree may be settled upon due notice.