In the Matter of the Estate of. ANDREW J. FORNESS, Deceased. State Tax Commission, Appellant; GRACE S. FORNESS, as Executrix of ANDREW J. FORNESS, Deceased, Respondent.

Fourth Department, June 19, 1957.

*Mortimer M. Kassell, Nicholas J. Rogers* and *Miriam Wernick* for appellant.

*Herman Lavery* for respondent.

GOLDMAN, J. Decedent died testate on June 17, 1955 and letters testamentary were issued to his widow. An estate tax return was filed, Schedule N of which claimed a deduction of $2,000 for property set off to the widow pursuant to section 200 of the Surrogate's Court Act. A *pro forma* order dated September 7, 1955 allowed the $2,000 deduction, as well as an exemption of $20,000 under section 249-q of the Tax Law for property transferred to the widow. Thereafter, the Surrogate affirmed the *pro forma* order over the claim of the State Tax Commission that the deduction was improperly allowed. (*Matter of Forness,* 1 Misc 2d 1032.)

The sole question is whether section 200 of the Surrogate's Court Act authorizes an estate tax deduction for property set off to a widow. In the light of the statutory pattern covering

exemptions and deductions allowable to an estate when a spouse survives, we have concluded that section 200 furnishes no independent authority for the allowance of an estate tax deduction.

At the outset, it should be pointed out that section 200, though entitled "Exemption for benefit of family", cannot be considered as defining assets that are exempt from estate taxation. Section 249-kk of the Tax Law states with clarity: "No exemption provided for in * * * any other law of this state shall be construed as being applicable in any manner under this article."

Article 10-C of the Tax Law imposes a tax on the transfer of a decedent's net estate. The net estate is determined by first finding the value of the gross estate and subtracting therefrom the allowable deductions. Gross estate is defined in section 249-r of the Tax Law as including all property in which the decedent had any interest at the date of his death, with certain exceptions and qualifications not here material. The allowable deductions are set forth in section 249-s of the Tax Law. Section 249-q of the Tax Law describes certain transfers that are altogether exempt from taxation. A brief review of these sections and their relation to section 200 of the Surrogate's Court Act is helpful at this point.

Article 10-C of the Tax Law was enacted in 1930, substituting an estate tax for the prior transfer tax. To simplify administration and to take advantage of the 80% credit allowed against the Federal tax, the article was patterned after the United States Revenue Act of 1926. Since 1930, uniformity with the Federal law has been maintained, the State law reflecting changes in the Federal law throughout the period.

In 1948, subdivision (e) of section 812 was added to the Internal Revenue Code of 1939. This section (now Internal Revenue Code, § 2056 of 1954, U. S. Code, tit. 26) allows a deduction for property transferred to a surviving spouse to the extent of 50% of the adjusted gross estate. New York followed suit by the enactment in 1950 of subdivision 4 of section 249-s of the Tax Law (L. 1950, ch. 585, § 3). At the same time, section 249-q was amended to reduce (by the amount of any marital deduction) both the $20,000 personal exemption and the insurance exemption, thereby eliminating the possibility of a double tax benefit for transfers between spouses.

In similar fashion, subdivision (b) of section 812 of the Internal Revenue Code of 1939 was amended in 1950 to repeal the deduction for support of dependents allowed for Federal estate tax purposes. That section had authorized a deduction

for amounts reasonably required and actually expended during the settlement of an estate to the extent that such expenses were allowed by State law. In reporting the amendment the Senate Finance Committee stated that the deduction was "inconsistent with the concept of the estate tax as a tax on all properties transferred at death." (Senate Report No. 2,375, Aug. 22, 1950, p. 57, 81st Cong., 2d Sess.) Again, New York followed the Federal lead, and in 1952 eliminated from section 249-s of the Tax Law the authority (under subd. 1, cl. [e]) to deduct amounts: "(e) reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of this state * * *."

That section 200 of the Surrogate's Court Act only furnishes authority to set off certain property to the widow for nontax purposes, and provided no independent ground for a tax deduction, is indicated by the language of the memorandum accompanying the introduction of chapter 206 of the Laws of 1952 (eliminating cl. [e] of subd. 1 of § 249-s): "The final change effected by this bill is the elimination from § 249-s of the present provision for deduction of amounts expended for the support of a decedent's dependents during the settlement of his estate. The principal reason for the allowance of such a deduction has disappeared by virtue of the enactment of Chapter 585 Laws of 1950, allowing the so-called marital deduction for transfers to a surviving spouse. Amounts set apart as exempt to a surviving spouse under § 200 of the Surrogate's Court Act will qualify for the marital deduction, even though the separate deduction to which this bill relates is eliminated. This amendment would also produce conformity with the Federal estate tax statute, which was similarly amended by the Revenue Act of 1950." (New York State Legis. Annual [1952] p. 347.)

It would be unreasonable to conclude that the Legislature intended to allow an estate a deduction for section 200 assets under the marital deduction provisions of the Tax Law, and also by virtue of the Surrogate's Court Act. Where the estate is insufficient in size to benefit from the marital deduction, the surviving spouse receives an even greater percentage of her distribution tax-free by virtue of the exemption provided in section 249-q. In view of the limiting provisions of section 249-kk we find no reasonable basis for considering section 200 assets as independently exempt from taxation.

Although section 200 undoubtedly had the effect of qualifying assets passing thereunder for deductions under subdivision

(b) of section 812 of the Internal Revenue Code and clause (e) of subdivision 1 of section 249-s of the Tax Law prior to their repeal, it seems clear that its primary purpose was to protect from execution basic items necessary for the support of dependents. (See *Matter of Barnes,* 149 Misc. 149, 153.) Furthermore, the similarity of section 200 of the Surrogate's Court Act to section 665 of the Civil Practice Act, a section that clearly has as its objective protection from execution, reinforces our belief that the former has no independent bearing on the Tax Law.

Our attention has been drawn to cases which are seemingly inconsistent with our conclusion. (*Matter of Libolt,* 102 App. Div. 29; *Matter of Bolton,* 121 Misc. 51; *Matter of Kopper,* 135 Misc. 728.) These cases upheld the nontaxability, either as exemptions or deductions, of section 200 assets. However, their inapplicability rests on the fact that they were decided prior to the changeover from a transfer to an estate tax. Property set apart for dependents was not a taxable transfer within the meaning of article 10 of the prior tax law. Under the present law, such property cannot escape the all-encompassing language of section 249-r. Thus the emphasis has shifted from a tax on the interest passed to a transferee to a tax on the value of all property owned by a decedent at the time of his death. It cannot be argued that the property which formed the basis of the deduction allowed by the Surrogate was not owned by the decedent at his death. Finding no authority in article 10-C of the Tax Law for deducting or excluding these assets from gross estate, it necessarily follows that the determination of the Surrogate must be reversed and the matter remitted for further proceedings in accordance with this opinion.

All concur. Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

Order reversed on the law, without costs of this appeal to either party, and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion.