NANCY B. BUFFINTON vs. FALL RIVER NATIONAL BANK.

A widow, who does not waive the provisions made for her in her husband's will, when it does not plainly appear by it that he intended she should have such provisions in addition to dower, is, by St. 1861, c. 164, barred from claiming dower in lands aliened in his lifetime.

WRIT OF DOWER. The tenant filed the following plea: "And the said Fall River National Bank comes and says that the said Nancy B. Buffinton ought not to have her dower of the premises described in her said writ, by the endowment of the said Israel Buffinton, heretofore her husband, and is not dowable thereof, because it says that during the lifetime of said Israel Buffinton, to wit, on the 5th day of May, A. D. 1868, said premises were levied upon and seized by James Wixon, a deputy sheriff of said county of Bristol, as the property of said Israel Buffinton, under and by virtue of an execution duly issued from the Superior Court for said county of Bristol, against said Israel Buffinton, in favor of said bank, for $3,848.43, and were set off under and by virtue of said execution, a copy whereof, with the officer's return thereon, is hereto annexed by said deputy sheriff, in full satisfaction of the same, and have since been held and possessed by said bank, pursuant to said levy, seizure and set-off, and the debt of said Israel has been thereby met; and the defendant further says that said Israel Buffinton died on or about the 30th day of December, A. D. 1870, possessed of a large estate, which he disposed of by a last will and testament, which was duly proved and allowed by the Probate Court for said county of Bristol, on the 3d day of February, A. D. 1871, and to the knowledge of the plaintiff, and a copy whereof is hereto annexed; that by said last will and testament, he devised to said Nancy B. Buffinton, in fee simple, one half part of all his estate, owned by him at the time of his decease; that the amount so devised to her greatly exceeded in value her dower or thirds and distributive share in the estate of said Israel, and that she has filed in the probate office aforesaid no written waiver of the provisions made for her as aforesaid in said will, but has accepted the same, and is now in the en-

joyment thereof, and that the same does not appear from said will to have been intended to be an addition to her dower; and this the said defendant is ready to verify : Wherefore it prays judgment if the said Nancy B. Buffinton ought to have dower of the said premises in her said writ mentioned and described with the appurtenances, by the endowment of the said Israel Buffinton, formerly her husband."

To this plea the demandant filed the following demurrer: " The said plaintiff, by her attorney, says the answer does not state a legal defence to the declaration substantially in accordance with the rules of law, for the reason that she is entitled to her dower in the lands named, notwithstanding she has accepted the provisions made for her in the will of her late husband, her said husband not having died seised of said lands and having no right to the same."

In the Superior Court the demurrer was overruled, and the demandant appealed. By an agreement of the parties filed in the case, if the demurrer was overruled, judgment was to be entered for the tenant; if sustained, for the demandant.

*J. C. Blaisdell,* for the demandant.

*T. M. Stetson, (J. M. Morton, Jr.,* with him,) for the tenant.

WELLS, J. The demandant is entitled to recover her dower, unless barred thereof in the manner set up by the plea. Gen. Sts. *c.* 103, § 57.

By Gen. Sts. *c.* 92, § 24, and St. 1861, *c.* 164, the widow of a deceased testator may waive the provisions made for her in the will, and be entitled to such portion of the real and personal estate as she would have been entitled to if her husband had died intestate. " If she makes no such waiver, she shall not be endowed of his lands, unless it plainly appears by the will to have been the intention of the testator that she should have such provisions in addition to her dower."

In this case there has been no such waiver ; and it is not contended that the provisions of the will were intended to be in addition to dower; nor that the widow is entitled to dower from any estate of which the testator died seised and possessed.

The demandant contends that this land, having been aliened

in the lifetime of the testator, is no part of "his lands," and therefore not within the provisions of the statute above quoted.

But the claim of dower out of lands aliened, without release by the wife, stands upon the same right as that of dower in lands remaining as part of the estate devised. It may be equally prejudicial to the estate, tending to the exhaustion of the general assets by giving rise to claims upon covenants in the deeds of conveyance, or upon *scire facias* to revive in part the judgment, for satisfaction of which the alienation took place. Gen. Sts. *c.* 103, §§ 22, 23.

The same reason exists for applying the bar in one case as in the other. There is nothing in the phraseology of the statute to limit its application to lands held at the decease of the testator. The expressions "endowed of his lands," and "dower in the lands of her husband," (Rev. Sts. *c.* 60, §§ 1, 11; Gen. Sts. *c.* 90, § 1,) when used affirmatively, embrace, without question, dower in all lands of which the husband is seised at any time during coverture. It can have no more limited meaning when used negatively in defining the bar in Gen. Sts. *c.* 92, § 24.

There must accordingly be · *Judgment for the tenant.*