AMELIA M. BARNARD *vs.* FALL RIVER SAVINGS BANK.

Bristol.   Oct. 27, 1882. — Sept. 6, 1883.   C ALLEN, COLBURN & HOLMES, JJ., absent.

Under the St. of 1861, *c.* 164, § 1, a widow, who has not waived the provisions of her husband's will, by which he has given his entire estate to her, is not entitled to dower in land which, in his lifetime, was seized on an execution against him, and set off to his creditor in full satisfaction of the judgment.

WRIT OF DOWER.   The tenant's plea alleged that, on January 29, 1879, the land sought to be recovered was levied upon and seized by virtue of an execution, duly issued from the Superior Court, against Louis L. Barnard, the demandant's husband, in favor of the tenant, and was set off to the tenant in full satisfaction of the execution, and has since been held by the tenant; that Louis L. Barnard died on or about June 12, 1880, possessed of a large estate, which he disposed of by a will, which was duly proved and allowed, and to the knowledge of the demandant, who was appointed sole executrix thereof; that by said will he devised to the demandant in fee all of his estate, real and personal, and provided that there should be no appraisal and no bonds given; that the amount devised to her by said will greatly exceeded in value her dower; that she had not waived the provisions made for her in the will, but had accepted the same, and had since been in the use, occupation and enjoyment thereof; and that the same did not appear from the will to have been intended to be an addition to her dower.

At the trial in the Superior Court, before *Blodgett,* J., without a jury, it was admitted that the demand was duly made, and that the allegations of fact contained in the plea were true; and also that the demandant had given bond, as residuary legatee of her husband's will, to pay debts and legacies.   The judge ruled that the demandant was not entitled to dower, and found for the tenant; and the demandant alleged exceptions.

*J. M. Morton,* (*A. J. Jennings* with him,) for the demandant.

*H. K. Braley,* for the tenant.

W. ALLEN, J.   It was provided by the Gen. Sts. *c.* 103, § 57, which was in force at the time of the decease of the husband

of the demandant, that "every widow shall be entitled to her dower in lands taken by execution from her husband, . . . . in like manner as if the same had been conveyed by her husband in his lifetime without release of dower by her;" and by the St. of 1861, *c.* 164, § 1, after providing for the waiver by a widow of the provisions made for her in her husband's will, that ".if she makes no such waiver she shall not be endowed of his lands, unless it plainly appears by the will to have been the intention of the testator that she should have such provisions in addition to her dower."

We do not think that it plainly appears by a will which gives the whole of a husband's estate to his wife, appoints her sole executrix, and provides that there shall be no appraisal of the estate, and that no bond shall be required, that it was his intention that such provisions should be in addition to her dower.

It is argued that the will shows an intention to give the utmost benefit to the wife, and that it will be for her benefit, and not to the detriment of the estate, for her to have the dower demanded. A sufficient answer is, that this does not appear by the will. The right sought to be established is not of dower in a particular parcel of land, but a right to be endowed of the husband's lands, and would apply to lands conveyed by him with warranty, as well as to lands taken from him by execution. See *Buffinton* v. *Fall River Bank*, 113 Mass. 246.                                  *Exceptions overruled.*