CASE 56—EQUITY—NOVEMBER 1, 1883.

# Hinson v. Ennis.

APPEAL FROM ALLEN CIRCUIT COURT.

A testator first directs that his debts be paid, and then devises to his wife one third of all the land owned by him, to be laid off to her. By another clause, he devises the remainder of his land to his daughter.

1. *Held*—That the personalty proving insufficient to pay the debts, and the widow holding under the will, she must contribute to their payment as devisee.

2. The widow's share should be allotted to her, the proportion of debts to be paid by her ascertained, and as much of her land as is necessary be sold to pay her part of the debts.

LESLIE & BOTTS AND LEWIS McQUOWN FOR APPELLANT.

The devise to appellant is a specific devise, and the directions given by the testator show his purpose to set apart a certain tract of land to his widow, and that it should not be charged with any of his debts. It is certain as to the quantity of land devised and its location. Appellant is entitled, by a fair construction of her husband's will, to one third of all his land, and not one third of what remains after the payment of his debts.

W. L. PORTER FOR APPELLEE.

The testator does not charge any particular part of his land with the payment of his debts, and the necessary presumption is, that he either supposed his personal estate would be sufficient to pay his debts, or that the lands devised to his widow and daughter should bear their equal proportion of his debts. No other reasonable construction can be placed upon the will.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In this case the question arises between the widow and the children of the testator upon a petition filed to pay his debts.

By the provisions of the will, the executor is directed to take charge of his estate and pay first all the debts of the testator. He then devises to his wife one third part of *all* the land *owned* by him at his death, to be laid off in a certain manner, as provided by the will. By the fourth clause, he devises the balance of his land to his daughter, &c. The personal estate being insufficient to pay his debts, it became necessary to sell enough of the land to pay the sum reported by the commissioner, amounting to about $2,600. The widow claimed that the entire landed estate given to the daughter should be exhausted before the devise to her was subjected; but the chancellor held otherwise, and she appeals.

This court, in the case of Chambers and wife v. Davis, reported in 15 B. Monroe, held that the widow in a case like this took as a devisee, and derived no right as widow,

although the devise may have the effect to bar her claim to dower.

She had the right to renounce the provisions of the will as provided by statute, but having accepted the provision made for her by the will, she takes as any other devisee. There is nothing on the face of the will showing that it was in lieu of dower, and she cannot, therefore, exonerate that portion of the estate devised to her from liability, and place the entire burden on the daughter.

Suppose, instead of the widow, the devise had been made to one of several children, and the balance of the land to the remaining children, it would scarcely be argued that in such a case the devise to the particular child would be exempt from the payment of debts until the balance of the land was exhausted.

The widow occupies no better position than any other devisee, and the fact that the land devised to one of the devisees is defined by a particular boundary, is not such a devise as would make all the other devisees pay the debts before the one with the defined boundary could be made liable.

The objection to the judgment in this case consists in the fact that the court has confined the appellant to one third of the land left after the payment of debts.

She has a particular quantity or description of land given her by the will, and to this she is entitled, subject, as between her and the other devisees, to contribute her part of the indebtedness. The mode and amount of the contribution is to be determined by the value of the devise. If the sum with which the widow is to be charged is eight hundred or a thousand dollars, the land (the chancellor having allotted it to her) should be sold to pay it, and the balance to be

made out of the remaining land, if sufficient for that purpose. As between the devisees and creditors, the entire estate can be subjected; but the chancellor should equalize the burden in a case like this by making the devisees contribute.

The judgment, for this reason, is reversed, and cause remanded, with directions to have the land allotted as directed by the will, and then subject each devisee's portion to the payment of what in equity she should contribute, to be regulated by the value of the devise.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.