CASE 32.—ACTIONS BY CHARLES JARBOE AND ANOTHER AGAINST WILLIAM HAYDEN, AND BY R. A. BURTON'S ADMINISTRATOR AGAINST WILLIAM HAYDEN.—April 16, 1909.

## Jarboe, &c. v. Hayden
## Burton's Adm'r v. Same

Appeal from Marion Circuit Court.

I. H. THURMAN, Circuit Judge.

Judgment for defendant, plaintiffs appeal—Reversed.

1.  Homestead—Exemption—Execution.—Ky. St. 1909, Sec. 1702 (Russell's St. Sec. 4661), gives a debtor a homestead if he is an actual bona fide housekeeper with a family, and the debt sued on did not exist prior to the acquisition of the homestead. Section 1708 (section 4667) provides that the homestead of a woman shall be for the use of her surviving husband and children, and, when his and their interest ceases, the proceeds shall be applied to her debts, and, if no debts exist, it is to be divided among her children. Defendant's wife owned a farm upon which she lived with defendant. On her death the wife by will left the farm to defendant in fee simple, and defendant held the land under the will, and lived upon the farm with no one dependant upon him for support. Subsequently he sold the land and with the money purchased another home which was levied on under execution for debts incurred prior to the death of the wife. Held, that the property was not exempt from execution.
2.  Wills—Election—Right to Claim Homestead.—Where the husband of a testatrix elects to take the fee-simple title to the homestead under the will, he can not thereafter claim a homestead in the property devised.
3.  Exemption—Nature and Extent—Persons Entitled—Person Without Family.—Under Ky. St. 1909, Sec. 1697 (Russell's St. Sec. 4656), exempting specified personal property from execution belonging to persons with a family resident in the State, the property of one who has no family is not exempt.

JOHN M'CHORD and W. W. SPAULDING for appellants.

AUTHORITIES CITED.

1. Appellee has no homestead in the land levied upon by the sheriff. (Section 1702, Ky. Statutes; Herring v. Johnson (Ky.) 72 S. W., 793; Section 1708, Ky. Statutes; Sections 1707 and 1708, Ky. Statutes; Ellis v. Davis, 90 Ky., 185; Section 1708, Ky. Statutes; Section 1702, Ky. Statutes; Stults v. Sale, 92 Ky., 5; Suter v. Quarrels (Ky.), 58 S. W., 990; Gowdy v. Johnson, 104 Ky., 652; Section 1702, Ky. Statutes; Section 2067, Ky. Statutes; Brand's Executor v. Brand, 109 Ky., 721; Gillispie v. Boisseau (Ky.) 64 S. W., 738; Smoot v. Heyer's Executor (Ky.), 67 S. W., 21; Sections 1707 and 1708, Ky. Statutes; Taylor v. Loller's Executors (Ky.), 3 S. W., 165; 8th Ky. Law Rep., 773; Hazelett v. Farthing, 94 Ky., 421; Nichols v. Lancaster (Ky.), 32 S. W., 677; Carpenter v. Hazelrigg (Ky.), 45 S. W., 657; Harrison v. Taylor's Administrator (Ky.), 51 S. W., 193; Schnabel v. Schnabel's Executor (Ky.), 56 S. W., 983; Logsdon v. Haney (Ky.), 74 S. W., 1073; Section 1707, Ky. Statutes; Section 2132, Ky. Statutes; Nichols v. Lancaster (Ky.), 32 S. W., 677; Section 1702, Ky. Statutes; Nichols v. Lancaster (Ky.), 32 S. W., 676; Section 1702, Ky. Statutes; Section 1708, Ky. Statutes.

2. The horse and buggy were subject to execution. (Section 1697, Ky. Statutes; Stults v. Sale, 92 Ky., 5; Suter v. Quarrels( Ky.), 58 S. W., 990; Gowdy v. Johnson, 104 Ky., 652.

C. S. HILL for appellee.

It is a well settled proposition of law that a homestead, once acquired, continues until released or forfeited. Appellee has done nothing to release or forfeit his homestead right. (Jewell v. Clark Ex'ors, 78 Ky., 398.) See, also, 116 Ky., 599; Stults v. Sale, 92 Ky., 398; Gay v. Hanks, 81 Ky., 552; Ellis v. Davis, 90 Ky., 183.)

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Reversing.

These two cases involving the same questions were heard upon an agreed statement of facts, and will therefore be considered together.

The facts are as follows: John R. Jarboe and Charles Jarboe obtained a judgment against appellee, William Hayden, at the September, 1908, term of the Marion Circuit Court. At the January, 1908, term of the same court R. A. Burton's administrator also obtained judgment against appellee, William Hayden. Neither of said judgments has been satisfied in whole or in part. Executions were issued on said

judgments in the month of September, 1808, in favor
of appellants (plaintiffs below), and were placed in
the hands of the sheriff of Marion county. There-
upon the sheriff levied said executions upon a tract
of land, worth about $500, which was occupied by
the appellee as his home, and also upon a horse and
buggy valued at $150, and household furniture val-
ued at $25. Prior to her death appellee's wife, Mary
C. Hayden, owned a small farm worth about $500.
Upon this farm appellee and his wife lived for more
than twenty years. This was the only land owned
by appellee or his wife. Appellee's wife died in the
year 1907, leaving a last will and testament which was
duly probated in the Marion County Court. By this
will she devised the farm, on which she and appellee
lived, to appellee in fee simple. Appellee never at
any time renounced the provisions of this will, but
accepted and held the land under the will. Since his
wife's death appellee has had no one living with him
who was dependent upon him for support, but lives
entirely alone. Some months after his wife's death
he sold and conveyed the land devised to him by his
wife for the sum of $500, and with the identical
money purchased the home upon which the executions
were levied. Immediately upon leaving the home
devised to him by his wife, he moved to his present
home and is still occupying it as a home. The debts
upon which appellants brought suit were incurred
prior to the death of appellee's wife. The cases be-
ing consolidated and submitted for judgment, the
trial court held that neither appellee's real estate nor
personal property was subject to the executions in
favor of plaintiffs below. From that judgment this
appeal is prosecuted.

We shall first consider the question whether or not appellee's home is exempt as a homestead. There are two classes of homestead, one arising by virtue of Sec. 1702, Ky. St. (Russell's St. Sec. 4661), and the other by virtue of Sec. 1708 (Sec. 4667). To entitle one to homestead under Sec. 1702 two conditions are necessary: First, the claimant must be an actual, bona fide housekeeper with a family resident in this Commonwealth; second, the debt or liability sued upon must not have existed prior to the acquisition of the homestead. Both of these requirements are lacking in the cases before us. Neither at the time his wife devised her farm to him nor at any other time since her death has appellee had any one living with him who was dependent upon him for support. Furthermore, the debts sued upon were incurred prior to the time of his wife's death and before he acquired the home. It is apparent, then, that appellee is not entitled to homestead under and by virtue of Sec. 1702. The only other statute giving the right of homestead is Section 1708, which is as follows: "The homestead of a woman shall, in like manner, be for the use of her surviving husband and her children, situated as above, and when his and their interest ceases it shall be disposed of in like manner and the proceeds applied on the same terms to her debts if none, divided among her children." There can be no question that under this section appellee could have elected to claim a homestead in the land of his wife. Ellis v. Davis, 90 Ky. 183, 14 S. W. 74, 11 R. 893. This he did not do, but, on the contrary, elected to take under the will, and thereby acquired the property in fee simple. In a long line of decisions this court has held that a homestead may be disposed of by will, and that unless the

widow renounces the will she will not be entitled to homestead in the property devised. Taylor v. Loller's Ex'rs, 3 S. W. 165, 8 Ky. Law Rep. 773; Hazelett, etc., v. Farthing, etc., 94 Ky. 421, 22 S. W. 646, 14 R. 197, 42 Am. St. Rep. 365; Harrison v. Taylor, 51 S. W. 193, 21 Ky. Law Rep. 287, Nichols v. Lancaster, 32 S. W. 676, 17 Ky. Law Rep. 777. The same rule, of course, by parity of reasoning, applies to the husband's homestead derived through his wife. Having elected to take the fee simple title, he could not thereafter claim a homestead in the property devised. By taking under the will, his position was the same as if he had acquired the property by purchase. Nichols v. Lancaster, supra. Not being entitled to a homestead either by virtue of Sec. 1702 or 1708, Ky. St., it follows that the land occupied by appellee as a homestead is not exempt from execution. As appellee has no family, it also follows that the personal property levied upon is not exempt from execution. Sec. 1697, Ky. St. (Russell's St. Sec. 4656).

Judgment reversed and cause remanded for proceedings consistent with this opinion.