RICHARD H. DANA, executor, vs. RICHARD H. DANA & another.

Middlesex.    January 10, 1917. — March 5, 1917.

Present: RUGG, C. J., LORING, DE COURCY, & CARROLL, JJ.

*Husband and Wife.   Tax,* On legacies and successions.

*Whether* a husband's interest as tenant by curtesy in the estate of his wife under
St. 1915, c. 134, when he has filed his election to claim curtesy under the pro-
visions of that statute, is subject to a succession tax, here was mentioned as a
question that was not raised upon the record in the present case.

The statutory share under R. L. c. 140, § 3, of a surviving husband or wife in
the estate of his or her spouse who has died intestate is taken as an heir and
not by way of curtesy or dower.

Where a surviving husband is made the sole residuary devisee and legatee under
the will of his wife and does not elect to take an estate by curtesy under St.
1915, c. 134, nor waive the provisions for his benefit in his wife's will, the pass-
ing of all the property that he takes as her devisee and legatee is subject to the
excise imposed by St. 1912, c. 678, § 1, on "All property within the jurisdic-
tion of the Commonwealth . . . belonging to inhabitants of the Common-
wealth, . . . which shall pass by will."

In the case stated above the privilege of receiving the property by will is the
"commodity" which is the subject of the excise and it is by that privilege alone
that the surviving husband acquires the property devised and bequeathed to
him by his wife.

BILL IN EQUITY, filed in the Probate Court for the county of
Middlesex on October 3, 1916, by Richard H. Dana, of Cambridge,
as the executor of the will of his wife, Edith L. Dana, for instruc-
tions as to the proper basis upon which to compute the legacy and
succession tax due to the Commonwealth on the passing to Richard
H. Dana, individually, of the property devised and bequeathed
to him as the sole residuary devisee and legatee under the will.
The Probate Court made a decree that the entire estate passing
to Richard H. Dana under the residuary clause of the will was
subject to a legacy and succession tax under St. 1912, c. 678, § 1,
and that no deduction should be made therefrom.  The defendant,
Richard H. Dana, individually, appealed and filed the following
statement of the grounds of appeal:

"1. Because according to the true construction of St. 1912,
c. 678, § 1, a deduction should be made from the property passing
to the said Richard H. Dana by the residuary clause of the will

of Edith L. Dana, first of the amount of his interest in the real
estate as tenant by the curtesy; and second of that part of the
estate real and personal which his wife was unable to deprive him
of by her will, and a legacy tax should be assessed only upon or
on account of his share of the estate less said deduction.

"2. Because the appellant stands as a purchaser as regards so
much of the estate as he takes in lieu of curtesy and in lieu of
that part of the estate real and personal which his wife was unable
to deprive him of by her will, and a purchaser is immune from a
legacy or succession tax.

"3. Because the levying of an inheritance, legacy or succes-
sion tax in Massachusetts upon so much of the said estate as the
appellant takes in lieu of curtesy and in lieu of that part of the
estate real and personal which his wife was unable to deprive him
of by her will or upon the appellant on account of the same is
in violation of the Fourteenth Amendment of the Constitution
of the United States since it deprives him of his property without
due process of law; and is also in violation of art. 4, c. 1, § 1,
of the Constitution of Massachusetts since it is the exaction of a
duty or excise which is unreasonable and plainly and grossly
oppressive and contrary to common right.

"4. Because said decree in all respects is contrary to law."

The appeal was heard by *Braley*, J. The facts are stated in the
opinion. The single justice made a final decree that the decree
of the Probate Court be affirmed and that the case be remanded
to that court for further proceedings. The defendant, Richard
H. Dana, individually, appealed.

*E. B. Church*, for the plaintiff, stated the case.

*H. R. Bailey*, for the defendant Richard H. Dana, individually.

*W. H. Hitchcock*, Assistant Attorney General, for the Treasurer
and Receiver General.

RUGG, C. J. Richard H. Dana was the husband of Edith L.
Dana, who died testate on July 21, 1915, leaving personal estate
in excess of $200,000 and certain real estate. He is the sole resid-
uary legatee and devisee under her will. Her will was admitted
to probate. The husband did not file his "election and claim"
in the registry of probate for his "tenancy by curtesy" within
one year after the date of the approval of the bond of the executor
of the will of the testatrix in accordance with St. 1915, c. 134,

in force at the date of her decease, amending R. L. c. 132, § 1. He did not file a waiver of the provisions of her will made for him and claim such portion of her estate as he would have taken if she had died intestate, as is permitted by R. L. c. 135, § 16. The tax commissioner has assessed a succession tax on the value of the entire amount of property which has come to Mr. Dana by reason of the decease of his wife. It is contended that this is an erroneous assessment and that no tax can be levied upon that portion of her estate, amounting to upwards of $30,000, to which he was entitled [to use the words of the brief filed in his behalf] "by virtue of his marital rights, or rather upon the part which he took under her will in lieu of the same."

The question is not raised on this record whether an estate by the curtesy is subject to the succession tax. See *In re Starbuck*, 137 App. Div. (N. Y.) 866, affirmed in 201 N. Y. 531. There is no estate by the curtesy here because Mr. Dana, having failed to file his election to take that kind of an estate as he might have done under St. 1915, c. 134, is held to have waived such estate. He stands now as if that estate never had existed so far as concerns him. Even if Mrs. Dana had died intestate, the share of her estate taken by her surviving husband, in the absence of the filing of an election under St. 1915, c. 134, would have vested in him by virtue of the laws regulating intestate succession and not otherwise.

The statutory provision made by R. L. c. 140, § 3, for a surviving spouse out of the estate of a deceased husband or wife, is taken as heir and not in way of dower or curtesy. That provision is subject also to the infirmities of an heir's succession, one of which is that debts take priority, and another that it relates only to property, at least so far as dower rights are involved, of which the deceased died seised. *Lavery* v. *Egan*, 143 Mass. 389. *Gray* v. *Whittemore*, 192 Mass. 367, 381. Since Mr. Dana neither elected to take an estate by the curtesy nor waived the provisions for his benefit in the will, the entire interest which he takes in the estate of his deceased wife comes to him by virtue of the will. All the property from her estate to which he is entitled is within the plain words of the succession tax law which imposes the excise on "All property within the jurisdiction of the Commonwealth, corporeal or incorporeal, and any interest therein, belonging to

inhabitants of the Commonwealth, . . . which shall pass by will, or by the laws regulating intestate succession." St. 1912, c. 678, § 1. The property in question manifestly passed by will. It did not pass in any other way or manner.

Doubtless under some circumstances it has been held that a legacy to a husband or wife is entitled to a certain priority or preference on the ground that such spouse in a sense is a purchaser by relinquishing the tenancy by the curtesy or dower in exchange for the legacy. *Farnum* v. *Bascom*, 122 Mass. 282, 289. *Richardson* v. *Hall*, 124 Mass. 228, 234. But these and many like cases have no relevancy to the case at bar because, as has been pointed out, the estate by the curtesy was waived, not by accepting the legacy, but by failing to file his election to take curtesy under St. 1915, c. 134. Whether that principle ever can be pertinent to questions arising under the succession tax law need not be decided. See *Clarke* v. *Treasurer & Receiver General*, *post*, 301.

The only way by which title to the personal property of the testatrix which Mr. Dana is to receive from her estate can be transferred to him is by manual delivery or some instrument executed by the executor of her will. The only way by which he can trace his title to any of her real estate, if any vests in him, is by reference to her will. All that he receives from her estate comes to him wholly through the force and effect of the laws of the Commonwealth permitting the making of wills and providing for the enforcement of their provisions.

So far as there is anything inconsistent with this conclusion in *In re Strahan*, 93 Neb. 828, or in *In re Bullen's estate*, 47 Utah, 96, we are constrained not to follow them.

Since, therefore, all the property which he is to receive passes to him by force of her will, he is liable to the excise. The privilege of receiving the property by will is the "commodity" which is subject to the excise. *Minot* v. *Winthrop*, 162 Mass. 113. It is that privilege, and that privilege alone, which he will exercise and enjoy in receiving property from her estate.

*Decree affirmed.*