**BRISCOE et al. v. CRAIG, Collector of Internal Revenue.**

Circuit Court of Appeals, Sixth Circuit.
April 5, 1929.

. No. 5071.

Forrest Andrews, of Knoxville, Tenn. (John W. Green, of Knoxville, Tenn., on the brief), for plaintiffs in error.

Wm. T. Sabine, Jr., Sp. Atty., of Washington, D. C. (C. M. Charest, Gen. Counsel, and J. D. Smith, Sp. Atty., both of Washington, D. C., and George C. Taylor, U. S. Atty., of Knoxville, Tenn., on the brief), for defendant in error.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

MACK, Circuit Judge. In an action to recover estate tax payments, tried before the District Judge without a jury, judgment was rendered for the defendant under the following circumstances:

Daniel Briscoe, a resident of Tennessee, died on February 7, 1918, survived by a wife, aged 57, and eight children. His estate, consisting of local realty valued at about $500,000 and personal property amounting to $700,000, was devised and bequeathed in trust to distribute the income, after deduction of certain charges, in equal shares among his wife and the eight children, each to receive one-ninth thereof, and to divide the principal at a date so distant that the widow was not likely to be then surviving and thus to share therein, except upon improbable contingencies.

Soon after testator's death the widow announced her dissatisfaction with the will and her intention, pursuant to Tennessee statutes, to dissent from the will in open court and thereupon to become entitled to dower in one-third of the real estate, and a one-ninth absolute interest in the personal property, together with the equivalent of one year's support. Shannon's Code, §§ 4139, 4146, 4147. Within the statutory period for such dissent, a settlement was entered into with the executors, acting in good faith, under which the widow agreed to refrain from dissenting from the will and in return received, in addition to her interest thereunder, the sum of $75,000, for surrender of her right to a year's support and her statutory rights in respect to the realty and personalty. The tax involved on this review is in respect to the $75,000, which defendant included in the valuation of the Briscoe estate.

A demurrer to the complaint was overruled in the District Court for the Middle District of Tennessee. In addition to certain palpably erroneous grounds of demurrer, it was assigned that "a settlement made by executors of an estate is not a claim or charge against the estate," and that "a provision in lieu of dower is taxable." The complaint sought recovery of other taxes besides the one now in issue. The cause was then transferred to the Northern Division of the Eastern District; all orders previously made were continued in force. The District Judge for that district, after hearing the evidence, dismissed the action on the ground that, since the widow had not dissented from the will in open court, she necessarily took under the will; she could not and did not receive

anything by way of dower or year's support. No proof was introduced at the trial bearing upon the value of the dower in Briscoe's estate; in moving for a new trial, however, plaintiffs offered to produce such evidence.

Both sides accept the holding in Randolph v. Craig (D. C.) 267 F. 993, that, under the Revenue Act of 1916, §§ 202, 203 (39 Stat. 777, 778), an estate tax is not payable upon dower and the value of a year's support when actually received by the widow. Therefore plaintiffs contend the amount paid by the executors on a settlement in order to relieve an estate of dower must likwise be free from the estate tax. In this we cannot concur.

If the widow stands upon her statutory rights, then, in so far as dower interest is concerned, she claims adversely to the estate. What she receives in that event is no part of the estate; by relation back, it existed at the moment of death as something over which deceased had no powers of transfer, and against which not even creditors had any claim. For this reason it was held in the Randolph Case that no estate tax is payable in respect to such interest under the 1916 act, although the contrary rule has been adopted in later legislation. But this reasoning is not applicable except where dower has actually been taken. If the widow allows all the property left by the deceased to pass as part of his estate, then, regardless of the fact that an adverse interest might have been asserted, the entire property does pass as part of deceased's estate and as such is taxable. It has been so held where the widow, failing to renounce, accepted the provisions of the will; in such cases the tax was sought to be deducted in respect to the value of the dower that she could have had if she had renounced. Title Guarantee & Trust Co. v. Edwards (D. C.) 290 F. 617, followed in Jacobs v. Commissioner, B. T. A. No. 3916; Schuette v. Bowers, S. D. N. Y., 32 F.(2d) 817, January 30, 1929. We agree with these holdings; and plaintiffs themselves apparently concur therein, as they have not asked for any deduction for the amounts Mrs. Briscoe received as bequests under the will.

Plaintiffs, however, contend that the $75,000 paid to the widow by the executors from the funds of the estate, must be exempt from the estate tax because, even though the money was not paid to a creditor, it was paid to relieve the estate of the burden of dower. We pass the question whether this contention is maintainable on the present record, containing as it does no proof of the value of the dower interest. Plaintiffs invoke the analogy of money paid by the executors to one who, though not a creditor, nevertheless has a subcontractor's lien upon property belonging to the estate. The exemption in that case is specifically provided for by section 203 (a) (1) which allows deduction for "claims against the estate, unpaid mortgages, * * * and such other charges against the estate, as are allowed by the laws of the jurisdiction." An unexercised right to admeasurement of dower is of substantial value to the widow: her relinquishment of it is a valuable consideration for, and makes her a purchaser and not a mere donee of, the testamentary provisions accepted in lieu thereof [cf. Overton v. Lea, 108 Tenn. (24 Pick.) 505, 68 S. W. 250; Walsh v. Warner, 15 F.(2d) 367]; but that right does not make her a creditor of the estate or give her a lien thereon. In our judgment, her claim does not come within the terms of the above-quoted statute. Apart from the statute, there is no general principle that, because the exercised dower right or its value is exempt, therefore a payment to relieve the estate from a just claim to dower must likewise be exempt. If this proposition were maintainable, it would follow that the value of the provisions made in the will and accepted in lieu of dower and thereby like the cash payment relieving the estate from the dower claim, would also be exempt; a conclusion that is contrary to the cases above cited, with which cases we agree.

We conclude that under the 1916 act there is no ground for exemption from the estate tax in respect to this money payment in settlement of a dower right, as no dower interest has been effectively asserted pursuant to the Tennessee statutes.

Estate of Graves, 242 Ill. 212, 89 N. E. 978; Matter of Reed's Estate, 98 Misc. Rep. 102, 162 N. Y. S. 412, and similar decisions cited on behalf of defendant are, however, in our judgment, not in point, as in these cases the persons with whom the compromise was made did not claim to take adversely to the estate.

In the instant case there is a further objection to recovery of the estate tax. Rights in personalty acquired by a widow upon dissenting from the will cannot fall within the decision of Randolph v. Craig, because they are subordinate to the claim of creditors. Cannon v. Apperson, 14 Lea

(82 Tenn.) 553, 592, 594. They are not claims against the estate, but only interests in the net estate, and thus not adverse to the estate as a whole. In this, they are unlike dower rights which have priority over the claims of creditors. Combs v. Young, 4 Yerg. (Tenn.) 218, 26 Am. Dec. 225; Crenshaw et al. v. Moore et al., 124 Tenn. 528, 137 S. W. 924, 34 L. R. A. (N. S.) 1161, Ann. Cas. 1913A, 165. Although clearly part of the $75,000 was paid in compromise of these rights in the personalty, plaintiffs have not shown any way in which the total sum paid could be allocated between the settlement of the dower and that of the personalty rights; they made no offer so to do even upon the motion for a new trial. Only if the whole sum were allocable to the dower, as it clearly is not, could the offer of proof made after judgment have been deemed in any way relevant for this purpose, and even in that event, the trial judge's discretionary refusal of a new trial in these circumstances would not have been assignable error.

Judgment affirmed.