**SCHUETTE v. BOWERS, Collector of Internal Revenue.**

No. 48.

Circuit Court of Appeals, Second Circuit.

April 7, 1930.

Sullivan & Donovan, of New York City (Raymond D. Thurber, of New York City, of counsel), for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Edward Feldman, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above).

■ The Revenue Act of 1916 (39 Stat. 756, 777), imposes, by section 201, a tax "upon the transfer of the net estate of every decedent dying after the passage of this Act." It is not a legacy or succession tax upon the benefits received by the legatee, but is a tax upon the privilege of transferring the property of the owner at death, measured by the value of the interest transferred. Y. M. C. A. v. Davis, 264 U. S. 47, 50, 44 S. Ct. 291, 68 L. Ed. 558; Chase National Bank v. United States, 278 U. S. 327, 334, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388. The two succeeding sections, so far as material to the issue now presented, read as follows:

"Sec. 202. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated:

"(a) to the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate.

＊　　＊　　＊　　＊　　＊　　＊

"Sec. 203. That for the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

"(1) Such amounts for funeral expenses, administration expenses, claims against the estate, ＊ ＊ ＊ support during the settlement of the estate of those dependent upon the decedent, and such other charges against the estate, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered. ＊ ＊ ＊"

The appellant's argument sets up a double line of defense: (1) That the widow took her dower interest as doweress and not as devisee; and (2) that, even if she took as devisee, the value of her dower interest cannot be included in the gross estate of decedent under the Revenue Act of 1916.

■ It is conceded that, if she took as doweress, the value of her dower cannot be included in computing the tax. Such was the holding in Randolph v. Craig, 267 F. 993 (D. C. N. D. Tenn.), which was cited with approval in Briscoe v. Craig, 32 F.(2d) 40, 41 (C. C. A. 6), and is, in our opinion, indubitably correct. To be included in the gross estate as defined by section 202(a), the property must be (1) an interest of the decedent at the time of his death, (2) subject to payment of expenses of administration and charges against his estate, and (3) subject to distribution as part of his estate. These three conditions are to be read conjunctively. United States v. Field, 255 U. S. 257, 262, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461. If dower made consummate by the husband's death is not relinquished, at least the second and third of these conditions are not satisfied, for dower is neither subject to charges against the estate and expenses of its administration, nor to distribution as part of the estate. Since the decision of Randolph v. Craig, supra, the government has conformed its practice to this interpretation of the statute (T. D. 3165; article 14 of Regulations 70); and the amendment of the law to provide expressly for the inclusion of dower in the case of decedents dying subsequent to February 24, 1919 (section 402(b) Revenue Act of 1918, 40 Stat. 1097) discloses at least a legislative doubt whether this result could have been effected without a change of the prior act. See United States v. Field, 255 U. S. 257, 265, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461; Smietanka v. First Trust & Savings Bank, 257 U. S. 602, 607, 42 S. Ct. 223, 66 L. Ed. 391.

■ Our first inquiry, therefore, is to determine whether the appellant relinquished her dower. In this we must look to local law. Randolph v. Craig, supra; De Vaughn v. Hutchinson, 165 U. S. 566, 570, 17 S. Ct. 461, 41 L. Ed. 827; United States v. Robbins, 269 U. S. 315, 326, 46 S. Ct. 148, 70 L. Ed. 285. Her contention is that the local law does not put a widow to election between her rights under the will and her rights as doweress, where the testator has given her his entire estate after payment of his debts.

■ The statutes applicable to the Kentucky land may be found in Carroll's Kentucky Statutes 1922. Section 2132 provides that a widow shall have an estate for life in one-third of her deceased husband's real estate,

"unless the right to such dower or interest shall have been barred, forfeited or relinquished." Section 2136 declares that a conveyance or devise by way of jointure may bar the wife's interest in the property and estate of the husband. Section 1404 provides that a widow may relinquish what is given her by the will, and thereupon receive her dowable and distributable share as if no will had been made; but such relinquishment must be made within twelve months after probate. The section concludes with the following sentence:

"Nothing herein shall preclude the widow from receiving her dowable and distributable share, in addition to any devise or bequest made to her by the will, if such is the intention of the testator, plainly expressed in the will, or necessarily inferable therefrom."

The widow did not relinquish the provisions made for her by the decedent's will; and it is conceded, as it must be in the light of Kentucky cases, that, if the statute put her to election, her failure to renounce the will operated as a surrender of her dower rights. See Grider v. Eubanks, 12 Bush (75 Ky.) 510; Bayes v. Howes, 113 Ky. 465, 68 S. W. 449; Smith v. Perkins, 148 Ky. 387, 146 S. W. 758; Perry v. Wilson, 183 Ky. 155, 208 S. W. 776. The statute abrogates the common-law rule and substitutes a presumption that a testamentary provision is intended to be in lieu of dower. Huhlein v. Huhlein, 87 Ky. 247, 8 S. W. 260; Voss v. Stortz, 177 Ky. 541, 197 S. W. 964; Perry v. Wilson, supra. But, by virtue of the last sentence of section 1404, this statutory presumption may be overridden by the testator's intention, "plainly expressed" or "necessarily inferable" from the will. So the problem is whether a will which gives everything to the widow, subject to payment of the testator's debts, discloses by necessary inference an intention that she may have her dower rights in addition to the rights conferred by the will.

Whatever might be our independent view were the question res integra, we think it is foreclosed by Kentucky decisions. In Harrison v. Taylor's Adm'r (Ky.) 51 S. W. 193, 194, a testator gave everything to his wife, who qualified as executrix. Against a creditor's attempt to subject the decedent's land to payment of the debt, the widow pleaded dower and homestead. This was held to set forth no defense, the court saying:

"It is well settled that a person cannot claim under a will, and also against it; and, inasmuch as appellant accepted the provisions of the will of her husband, she takes the entire property subject to his debts, and cannot claim either homestead or dower against his creditors."

This was approved and followed in Schnabel v. Schnabel's Ex'r, 108 Ky. 536, 56 S. W. 983, where the will directed payment of debts and gave everything to the widow. The dispute was whether she could claim homestead, not dower, against creditors; but the principle applied is the same, namely, that she was put to an election between the testamentary provisions and her statutory rights. Watson v. Christian, 12 Bush (75 Ky.) 524. See, also, Chambers v. Davis, 15 B. Mon. 522; Hinson v. Ennis, 81 Ky. 363; Kiesewetter v. Kress (Ky.) 70 S. W. 1065; Jarboe v. Hayden, 133 Ky. 378, 117 S. W. 961. The appellant argues that these decisions as to creditors are irrelevant because in the case at bar the testator's personalty was more than sufficient to pay all debts. While there is no express finding on the subject, this fact may doubtless be assumed from the size of the federal estate tax disclosed by the record. But we cannot see how this distinction impairs the relevancy of the cases cited. The will itself must disclose the facts which require the necessary inference that the widow is to have both dower and testamentary gift; otherwise she is put to her election. In those cases, as here, the will shows nothing as to the amount of the debts. It made the widow sole beneficiary of all the property, but the cases hold that that fact did not save her from the necessity of an election. Similarly, in Grider v. Eubanks, 12 Bush (75 Ky.) 510, by accepting the will, the widow, though sole beneficiary, lost dower in property conveyed by her husband during his life without her joinder in the deed. See, also, Smith v. Perkins, 148 Ky. 387, 146 S. W. 758, where she lost dower in land as to which the husband died intestate. In short, we cannot doubt that, under the law of Kentucky, the widow, though sole beneficiary, lost all right to dower by accepting the provisions of the will. We find nothing in Kelley v. Ball (Ky.) 19 S. W. 581, upon which appellant strongly relies, inconsistent with this conclusion. There the will provided that the widow was to have the income of all the testator's realty until a son became 21, when the realty was to be divided among his children. If the widow remarried before the division, the executor was to collect the income for the children, and the widow was given "her dower interest." Applying the "necessarily inferable" clause of the statute, the court reasoned that, if she was to have

dower in case of remarriage, it surely could not be intended that she should have less if she remained a widow. That this case is not in conflict with other opinions of the court is expressly stated in Bayes v. Howes, supra.

The statutory provisions applicable to the Ohio land are similar to those of Kentucky. They may be found in Throckmorton's Ohio General Code 1929. Section 8606 declares that a widow, who has not relinquished or been barred of dower, shall have it. Section 10566 et seq. require her to elect whether to take the testamentary provision or to be endowed. If she fails to make such election, she shall be deemed to have elected to take under the will (section 10571), and, if she elects under the will, she is barred of dower (section 10572), "unless as provided in section 10569," which reads as follows:

"Sec. 10569. No widow or widower shall be entitled both to dower and the provisions of the will in her or his favor, unless it plainly shows that such provision was intended to be in addition to dower and a distributive share of the estate."

Thus the statutory rule in Ohio, as in Kentucky, requires an election, unless the will "plainly shows" that the testamentary gift was intended to be in addition to dower.

Neither the industry of counsel, as evidenced by their admirable briefs, nor our own independent investigation, has brought to light any controlling Ohio decision. In Baxter v. Bowyer, 19 Ohio St. 490, the suit was for construction of a will to determine whether the testator's widow took a fee or only an estate for life in all his property. On behalf of parties claiming as remaindermen it was argued that, even if the will gave her a fee, she lost it by failing to elect between the will and her right of dower; the statute then in force providing that in case of nonelection she should be deemed to take her statutory rights (dower and a distributive share of the personalty). After deciding that the will gave her only a life estate, the court declared that the question of nonelection became comparatively unimportant, but, in disposing of the case, said:

"We are unanimous, however, in the opinion that, under the circumstances of this case, the widow must be held to take under the will, and that, therefore, her representatives are entitled to no part of the personal estate. The circumstances I allude to are these: 1st. The provision made for her by the will includes her dower, and is, therefore, tantamount to a provision in addition to dower, and entitles her to hold the dower interest freed from the claims of the testator's creditors. 2d. She in fact accepted and enjoyed the provision, although she never made the statutory election in court. 3d. She was never cited to appear in court, and died within the time allowed by law for that purpose. What would be our holding as to the effect of the widow's nonelection, in a case where either or any of these circumstances should be wanting, we do not at present undertake to say."

In Hawkins v. Barrow, 8 O. C. D. 251, the husband left all his estate to his widow, who died before she had elected and before the will was probated. The court held that the statutory rule that nonelection meant she took dower did not apply, and said, quoting Baxter v. Bowyer, that "the devise to her including her dower, it was equivalent to a provision in addition to dower." On the other hand, in Moore v. Steidel, 1 Disn. 281, 12 Ohio Dec. 623 (Cincinnati Superior Ct. 1857), it was held that, where a testator devises all his real estate to his wife for life or in fee, and she elected to take under the will, she relinquished her dower in lands sold on execution against the husband during his life. An opinion of the Attorney General of Ohio is also cited to the effect that a devise of the entire fee puts a widow to her election. 1 Op. Atty. Gen. Ohio, 834. See, also, Lackman's Estate, 26 Ohio Nisi Prius (N. S.) 387.

If the testator had given everything to his wife with an express provision that his gift was in lieu of dower, it could scarcely be claimed that she could take under the will and retain also her dower rights. See In re Osgood's Estate, 52 Utah, 185, 173 P. 152, L. R. A. 1918E, 697. The statute creates a presumption that the testamentary gift is in lieu of dower unless the will plainly shows a contrary intention, or, as expressed in Corry v. Lamb, 45 Ohio St. 203, 207, 12 N. E. 660, "under our statute, the will is to be regarded as assuming to dispose of dower, unless the contrary clearly appears." It is difficult to say that the will itself shows a contrary intention. It is true that enforcing dower rights will not defeat the husband's testamentary scheme, unless it be assumed that his direction to pay debts means that he wishes dower to be used for that purpose if necessary. Such an assumption seems most unreasonable. But what is there on the face of the will to overcome the statutory presumption? In 40 Cyc. 1971, it is said that no election is necessary when the widow is donee under the will of the entire estate;

but the citations scarcely support the text, and none are under statutes like that of Ohio. If we look to decisions under similar statutes of other states, all the cases we have discovered favor the contention of the appellee.

In Barnard v. Fall River Savings Bank, 135 Mass. 326, the widow brought a writ of dower against one who had possession of land sold under an execution against her husband. His will had given her all his property, and the defendant contended that, by accepting the will, she had lost her right to dower. The Massachusetts statute was identical with section 10569 of the Ohio Code, above quoted. In sustaining the defense, the court said:

"We do not think that it plainly appears by a will which gives the whole of a husband's estate to his wife, appoints her sole executrix, and provides that there shall be no appraisal of the estate, and that no bond shall be required, that it was his intention that such provisions should be in addition to her dower.

"It is argued that the will shows an intention to give the utmost benefit to the wife, and that it will be for her benefit, and not to the detriment of the estate, for her to have the dower demanded. A sufficient answer is, that this does not appear by the will. * * * *"

This case was cited with approval in Matthews v. Thompson, 186 Mass. 14, 24, 71 N. E. 93, 66 L. R. A. 421, 104 Am. St. Rep. 550. It has particular significance, not only because the statute construed was the same as that of Ohio, but also because in Corry v. Lamb, supra, the Ohio court expressly approved Buffinton v. Fall River Nat. Bank, 113 Mass. 246, which is also relied upon in the Barnard Case.

In Arnett v. Bugbee, 98 N. J. Law, 416, 119 A. 763, the testator left his whole estate to his wife; she claimed exemption of the value of her dower right in calculating the state transfer tax. This was refused, the court saying that, "as she takes the entire property, this provision, it would seem, was made in lieu of dower, and the acceptance by the widow of the provisions in the will barred her dower right." In Kohn's Estate, 56 Utah, 17, 189 P. 409, the testator gave $5 to each of his children and the residue of his estate to his wife. It was held that the widow took under the will solely and was taxable under the state inheritance tax for the entire amount received, since it did not "appear from the will that the provision was in addition to dower and the statutory pre-sumption was that a provision for her was in lieu of dower." See, also, Meddis v. Kenney, 176 Mo. 200, 75 S. W. 633, 98 Am. St. Rep. 496, where the testator gave $1 to each of his children and all the residue of his estate to his wife "after the payment of my debts," and the court approved an instruction that the widow taking the land under the will expressly subject to debts took it cum onere, and her heirs are estopped to deny that the real estate was subject to sale for the payment of the testator's debts.

Even if we were disposed to give a different answer, this current of judicial authority under similar statutes is too strong for us to feel justified in declaring a different rule for Ohio in the absence of controlling Ohio decisions. We conclude that the Ohio law is the same as that of Kentucky, and that appellant relinquished her dower in both parcels of land by accepting the provisions of the will.

■ The appellant argues that, even if this be true, the value of the dower rights cannot be included in computing the federal estate tax, because whatever rights the estate obtained by the widow's relinquishment were not an "interest of the decedent at the time of his death." The logic of this contention must be conceded. The construction which the appellee urges results in imposing the same estate tax whether the decedent be a bachelor or a married man whose widow survives him; yet it can hardly be said that a married man's interest in real estate at the moment of death and before his widow has elected whether to take dower or to accept his testamentary provision for her is identical with the interest he would have had were he a bachelor. The result can be obtained only by applying the fiction of relating the relinquished dower rights back to the moment of the decedent's death—a fiction, it is urged by appellant, which should not be applied to favor a tax, where statutes are to be construed narrowly and in favor of the taxpayer. While not unmindful of the force of this contention, we do not think it can prevail. Logic must yield to history. Without exception, save for a decision in Nebraska, state inheritance laws have been construed to entitle the widow to no deduction from the gift received under the will on account of the value of relinquished dower. See Dana v. Dana, 226 Mass. 297, 115 N. E. 418; Arnett v. Bugbee, 98 N. J. Law, 416, 119 A. 763; In re Kohn's Estate, 56 Utah, 17, 189 P. 409; State v. Lane, 134 Ark. 71, 203 S. W. 17; In re Arp's Estate, 83 Ind. App.

371, 147 N. E. 297, 148 N. E. 427 (1925); Matter of Bolton, 121 Misc. Rep. 51, 200 N. Y. S. 325; Matter of Stuyvesant, 72 Misc. Rep. 295, 131 N. Y. S. 197; Matter of Riemann, 42 Misc. Rep. 649, 87 N. Y. S. 731; contra, In re Sanford's Estate, 91 Neb. 752, 137 N. W. 864, 45 L. R. A. (N. S.) 236. It is urged that these state laws impose a tax upon the legatee's privilege of succession, not upon the decedent's privilege of transferring "the interest which ceases by reason of the death," as does the federal act. Y. M. C. A. v. Davis, 264 U. S. 50, 44 S. Ct. 291, 68 L. Ed. 558. But we cannot see the validity of this distinction. The state laws tax only the privilege of succeeding to an interest of the decedent, and they measure it by its value at the time of death. See Matter of Penfold, 216 N. Y. 163, 110 N. E. 497, Ann. Cas. 1916A, 783. Hence the state cases seem entirely relevant, and we think the federal legislation must be read in the light of them. If so, its language may embrace an interest existing at death by the fiction of relation when dower is relinquished.

The only case decided under the federal law, Title Guarantee & Trust Co. v. Edwards, 290 F. 617 (D. C. S. D. N. Y.), relies upon state decisions and accords with the decision below. It was cited with approval in Briscoe v. Craig, 32 F.(2d) 40 (C. C. A. 6). We think it correct.

█ It is suggested that such a construction of the Revenue Act of 1916 raises doubts as to its constitutionality. The argument is not elaborated, and we see no substantial basis for it. Compare, under the later acts, United States v. Waite, 33 F.(2d) 567 (C. C. A. 8); Allen v. Henggeler, 32 F.(2d) 69 (C. C. A. 8).

For the reasons stated, the judgment is affirmed.

L. HAND, Circuit Judge (dissenting in part).

As to the Kentucky land I agree because the law of that state is too well fixed for us to disregard. The law of Ohio is at least in doubt, and the only express statement of its highest court favors what seems to me the right rule. The notion of an "election" in such cases arose where dower would defeat a devise to another or a conveyance in the testator's life; even then the devisor had to say that he meant the wife's provision to be conditional on a release of the dower so that his will could be executed in respect of his other dispositions. The statute we are considering has done nothing more I think than to supply that intent when the contrary is not clear; the question remains one of testamentary interpretation.

We must indeed find that the will "plainly shows" that the devise was intended to be in addition to dower; that appears to me clear. I fail to understand how a man can give his wife land which he owns without intending it to be in addition to her dower, if he knows that she has dower. To suppose anything else is to assume that he has a preference for her taking as his devisee rather than as his widow, an imputation of concern for legalistic niceties which I submit it is absurd to ascribe to most people. If he has creditors, there might be a purpose in it, but that too an incredible one. We must suppose that he meant her to get what was left of his estate if there was anything, on condition that, if there turned out to be a deficit, she should pay it up to the value of her dower. I should say that it was safe to assume that nobody would mean to do that unless he said so.

I find it hard to believe that a man will ever expressly declare in such a case that his devise is to be in addition to dower. My brothers' construction seems to me in nearly all cases to defeat the testator's intent, by which I mean, what he would say if the result of his language was to be presented to him. Besides, I have never understood how there can be any true "election" between taking dower and taking a fee in the same land which includes the same interest.

I dissent as to the Ohio land.