## CARTER v. UNITED STATES.

### No. 8808.

District Court, E. D. Missouri, E. D. Dec. 15, 1932.

Swarts, Reyburn & Kawin, of St. Louis, Mo., for plaintiff.

L. H. Breuer, U. S. Atty., of Rolla, Mo., C. J. Stattler, Asst. U. S. Atty., of St. Louis, and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., for the United States.

FARIS, District Judge.

This is an action brought by the trustee of a trust created by the last will of Thomas W. Carter, deceased, to recover an alleged overpayment to a former collector of internal revenue, of certain federal estate taxes, which were collected under the Revenue Act of 1921 (42 Stat. 277).

The decedent died on March 4, 1922, testate. He made in his last will certain provisions for his widow, who elected to accept the provisions of the will in lieu of dower or a child's part of decedent's estate, as permitted by pertinent provisions of the statutes of Missouri. Sections 318 and 328, R. S. Mo. 1929 (Mo. St. Ann. §§ 318, 328).

The conceded and agreed facts were such that this widow had the right to take, if she had so elected, either a child's part of decedent's estate, or dower in the real estate, as and if she saw fit. In lieu of either, or both of these rights, she could elect, as she did, to accept the provisions of decedent's will.

Some confusion and difficulty has been met in the case by reason of the condition of the pleadings, particularly of the petition; for that, as originally filed on November 1, 1929, the sum sought to be recovered was $3,000, and recovery was then sought upon the sole ground that the value of the real estate in Missouri left by decedent had been included in reaching the total gross taxable worth of decedent's estate. Subsequent to the commencement of this suit, and on the 30th day of November, 1930, the Supreme Court of the United States decided the case of Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156, wherein it was ruled that, under the local laws of Missouri, and the language of section 402 (a) of the Revenue Act of 1918, real estate, situate in Missouri, could not be included in fixing the gross value of a decedent's estate for federal inheritance taxes.

Thereupon, such proceedings were had as resulted in the payment to plaintiff, by defendant, on or about the 13th day of November, 1931, of the sum of $2,238.74 principal and $1,060.11 interest, as a refund of the taxes herein sued for. This check was accepted by plaintiff. Notwithstanding this, no amendment or repleading in the case has been had by plaintiff. The specific ground for a refund, as set out in the application therefor, as well as in the petition (in substance, only, in the latter) reads thus: "Because there was erroneously included in the value of the gross estate the real estate situated in the State of Missouri, owned by decedent at the time of his death."

Nevertheless, and in the face of all this, the contentions in the briefs are waged about these two questions, now asserted for the first time in the answer of defendant, and in the briefs filed, to wit: (1) That the sum of $12,-437.43, being the value of the widow's interest in the real estate, had she elected, as the law allowed, to take a child's part under section 324, supra, rather than to accept for herself the provisions made for her in the will, should have been deducted from the value of the gross estate; and (2) that the local taxes (state, school, city, and so on), in the sum of $250.28, for that proportion of the year 1922 (the year of decedent's death), from January 1, 1922, to March 4, 1922 (the date of decedent's death), were not deductible from gross value of the estate. The latter point comes into the equation quite awkwardly. In figuring how much reduction, in the total tax paid defendant, plaintiff should be given on the occasion of the refund to him, the value of the real estate was diminished by the sum of $250.28 (said amount of local taxes), which resulted in decreasing the value of the real estate, which in turn resulted in diminishing the sum on account of real estate which was subtracted from the net estate, on which the refund was figured. In effect, however, and as thus eked out, plaintiff's contention, if he had made one, would likely have been that in Missouri real estate is not to be included in gross value of a decedent's estate, for federal estate taxes, and that if included, and a readjustment, as here, is had, the value of the real estate may not be decreased by the pro rata of ordinary local taxes earned, if I may so express it, between the beginning of the year of decedent's death and the actual date of his death.

I think the very statement of the nature of the pleadings and of the application for a refund discloses that neither of the points above recited is properly before me. It may well have been that, since they are the residuum of the original action, they might have been covered by an amendment to the petition, or by filing an amended petition, but this was not done. The case is one at law, which was submitted last term, on agreed facts, which were not filed, however, until September 22, 1932.

So it seems clear to me that this statement, on settled principles of pleading and practice, should dispose of the case, and that plaintiff is not entitled to recover, and defendant should go hence without day. There is, in short, on the face of the pleadings and the application for a refund, nothing before the court on which plaintiff can recover. However, while the condition of the pleadings is inexcusable, the precise situation is capable of being understood, however irregular it may be. So, it may be incumbent, if order can at all be worked out from chaos, to consider the case as it ought to have been, rather than as it is. Moreover, numerous

suits were submitted at the identical time, which involve refunds sought since the Harrelson Case was decided, in some of which I am advised similar questions are mooted. It might save time, once for all, perhaps, if I should discuss and consider the question whether dower or a statutory provision, in lieu of dower under Missouri law, is or is not taxable under the provisions of section 402 (b) of the Revenue Act of 1921 (42 Stat. 278). Here, again, the point occurs awkwardly in the case at bar, and is lugged in by the answer, by a sort of reverse English, if I may take an expression from the nomenclature of a well-known game.

Section 402 (b), supra, provides, so far as pertinent, thus:

"That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy."

■ No attack, for that the above section, or any part thereof, is constitutionally invalid, is anywhere made, even in the briefs of the plaintiff, so far as I have been able to find. It is fairly well-settled law that courts will not ordinarily pass on the constitutional invalidity of a statute until such invalidity has been raised by one standing in a situation to be hurt by the statute, and also until such attack has been made, as soon as is procedurally possible, as the courts are fond of saying.

■ So, what does the language quoted from section 402, supra, mean? It says, in effect, and so far as is relevant here, that the gross estate of a decedent shall be determined, for the purposes of the federal estate tax, by including any such interest therein of the surviving spouse, existing at the time of decedent's death, as dower, or an estate created by statute in lieu of dower. The statute of Missouri retains, for the benefit of the widow, the old common-law provision of dower (modified, it may be, in some small particulars, but these are not here relevant). Other statutes of the state provide for certain contingencies, wherein an election in lieu of dower may be made by the widow, whereby such widow may take a so-called child's part. Here the widow was entitled, either to dower in the real estate of decedent, or to an election to take a child's part. She actually took neither, because there was a will, and she had

the right, under the Missouri law, to accept the provisions of the will as to her, in lieu of dower and/or a child's part. As said, she accepted the provisions of the will, and took no dower, nor any child's part. So, notwithstanding she took nothing, can an estate tax be put upon the full extent and value of an interest she could have taken under the local law?

I am constrained to the view that such tax was valid. First, from the language quoted from section 402, supra, it seems too clear for argument that her interest, either of dower, or in lieu of dower, is taxable, and so the cases seem to hold (Schuette v. Bowers (C. C. A.) 40 F.(2d) 208), and even the case of Crooks v. Harrelson clearly shows that the Supreme Court held this view.

Second, the power ought not to rest with any person to avoid or defeat a tax by a mere personal election to do one of three permissible things. I think the Congress held in mind to tax any interest in the surviving spouse, which the conditions (as of children or not) should bring into legal existence. For it must be borne in mind that an estate tax accrues at the date of the death of the decedent, and not afterwards; so it cannot be known at such date which of the three provisions of the local law the living spouse may elect to accept.

Pursuant to a very plain statute of Missouri (section 328, R. S. Mo. 1929 [Mo. St. Ann. § 328]), real estate, passing by will to a wife, is to be regarded as in lieu of dower, unless the testator shall in his will otherwise declare. Here, there is no declaration to the contrary, so the conclusion must be that the widow implicitly relinquished her dower, when she elected to take under the will. Whether such situation at all affects the law now applicable, in view of the differences existing as between the Revenue Act of 1916 (under which Schuette v. Bowers, supra, was ruled), as compared to section 402 of the Revenue Act of 1921, need not, therefore, be discussed.

■ The question of credit for ordinary state, county, and school taxes seems to me also to be fairly clear, when certain Missouri statutes are held in mind. These statutes provide a sort of statutory fiscal year for taxation on real estate. This year begins on the 1st day of June of each year. All lands owned by decedent on the 1st day of June, 1921, were assessed to decedent for the taxes of 1922, and he became so far liable for such taxes as that, if he had conveyed such land after June 1, 1921, by a conveyance with

warranties, without reservation, he would have been liable to his grantee for the taxes for the year 1922. Besides, section 9747, R. S. Mo. 1929 (Mo. St. Ann. § 9747), as also did section 12757, R. S. Mo. 1919, provides for a lien in favor of the state for taxes on real estate. True, there are other provisions as to time and manner of foreclosing such lien, but these in no way militate against the validity and superiority of the lien fixed by statute. Such lien also exists in favor of the state for school taxes and city taxes, the latter not here involved, however. Section 9974, R. S. Mo. 1929 (Mo. St. Ann. § 9974).

As indicated already, an anomalous situation is presented. The plaintiff, standing in the shoes of the taxpayer, is here objecting because credit was given the gross estate for the taxes on the real estate for four months and four days; whereas, ordinarily, a taxpayer would be expected to contend that such taxes should be deducted from the value of the real estate, for that the taxes for 1922 were liens thereon after June 1, 1921, as against the decedent, or, rather, liens against his interest in the real estate. Since there existed a lien declared by statute for the taxes on this real estate, and since liens are to be, by the estate tax statutes, deducted from the gross value of the real estate, I conclude that the sum of $250.28 was properly deducted in matters affecting federal estate taxes on real estate in Missouri.

I also conclude that the value of the child's part in the real estate was taxable, even though it was implicitly renounced, and even though real estate in Missouri is not taxable, under the Revenue Act of 1921. The two provisions for taxation of real estate are separately set out in section 402, supra, and provide (a) for inclusion in gross estate of the "interest therein of the decedent at the time of his death," and (b) "any interest therein of the surviving spouse * * * as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy."

Clause (a), supra, was modified by the addition thereto of the further limitation that real estate should be taxable only when it was subject to payment of the charges against the estate, and to the payment of the expenses of administration of the estate. No such limitation appears in section 402 (b), supra.

Some addition to this discussion will be found in the case of St. Louis Union Trust Company v. United States of America, this day decided by this court.[1]

[1] Orally.

3 F.SUPP.—50

This is a case at law and not in equity, so Rule 70½ of the Rules in Equity (28 USCA § 723) has no application. No request for declarations of law is made. The facts are all stipulated, and so they will be just as clear and plain to any other court as they are to the trial court. Notwithstanding this, there is a request in the record that this court make and file a special finding of facts and conclusions of law. To a court well-nigh submerged with litigation, neither time exists for, nor the law requires, compliance with this request. White v. United States (C. C. A.) 48 F.(2d) 178; McPherson v. Cement Gun Co. (C. C. A.) 59 F.(2d) 889. So I decline to make the special finding requested.

It follows that judgment should be against plaintiff and for defendant, that it go hence without day and recover its costs, and so it is ordered.