99 F.3d 400
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Lesly Medina ARANGO and Hector Londono, Petitioners-Appellants,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 95-2394(L), 95-2396(CON).
 United States Court of Appeals, Second Circuit.
 Dec. 8, 1995.
 
 APPEARING FOR APPELLANT: CHERYL J. STURM, West Chester, PA.
 APPEARING FOR APPELLEE: ZACHARY W. CARTER, United States Attorney, Eastern District of New York.
 E.D.N.Y.
 AFFIRMED.
 Before FEINBERG, JACOBS, CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Petitioners Lesly Medina Arango and Hector Londono appeal the denials of their petitions, under 28 U.S.C. § 2255 to vacate, set aside or correct sentence, claiming that they received ineffective assistance of counsel. We affirm the judgment of the district court.
 
 
 4
 On June 24, 1988, Arango and Londono each pled guilty to one count of conspiracy to import cocaine, in violation of 21 U.S.C. § 963. Arango did not file an appeal; Londono filed a notice pro se but did not file a brief. In October 1994, petitioners commenced this action under section 2255, filing separate but nearly identical motions challenging their convictions on various grounds. The district court denied both petitions.
 
 
 5
 On appeal, Arango and Londono press only their claims of ineffective assistance of counsel, charging five specific lapses: (1) failure to file a motion to dismiss the indictment; (2) encouraging the petitioners to plead guilty to charges they did not understand; (3) failure to object to a violation of 18 U.S.C. § 3553(c); (4) failure to object to a two-level sentence enhancement for Arango; and (5) failure to request a two-level minor role reduction for both petitioners.
 
 
 6
 To demonstrate ineffective assistance of counsel, Arango and Londono must prove that (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "counsel's errors were so serious as to deprive the defendant of a fair trial ... whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
 
 
 7
 The petitioners first contend that the indictment did not state a federal offense, and that counsel was remiss in failing to file a motion to dismiss it. The indictment charges that "[o]n or about and between January 20, 1988 and February 19, 1988 ... within the Eastern District of New York and elsewhere, the defendants HECTOR LONDONO and LESLY MEDINA ARANGO ... did knowingly and intentionally conspire to import into the United States ... cocaine ..., in violation of Section 952(a) of Title 21, United States Code." Petitioners particularly fault the indictment for failing to name a "genuine coconspirator," thereby omitting an element of the charged offense. Petitioners also claim that the indictment is mere "boilerplate" that does not provide protection against double jeopardy, and that the indictment violates Federal Rule of Criminal Procedure 7(c) by not giving "a plain, concise and definite written statement of the essential facts constituting the offense charged."
 
 
 8
 All of petitioners' arguments regarding the indictment are meritless. The indictment sufficiently states the elements of a violation of 21 U.S.C. § 963, which provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter," including section 952(a), shall be punished. The indictment also states the approximate time and place of the crime charged. On these facts, we find the indictment is adequate both to give a "plain, concise and definite written statement of the essential facts" of the charge and to insulate petitioners from double jeopardy. We have "consistently sustained indictments which track the language of the statute and, in addition, do little more than state time and place in approximate terms." United States v. Trotta, 525 F.2d 1096, 1099 (2d Cir.1975) (quoting United States v. Salazar, 485 F.2d 1272, 1277 (2d Cir.1973), cert. denied, 425 U.S. 971 (1976). Nothing in the statute requires the identification of coconspirators; indeed, it is well settled that a coconspirator's identity is not required to prove conspiracy. Rogers v. United States, 340 U.S. 367, 375 (1951); United States v. Medina, 32 F.2d 40, 44 (2d Cir.1994). Since the indictment was not defective, counsel's failure to move for its dismissal is no sign of inadequacy.
 
 
 9
 Arango and Londono next claim that counsel erred during plea bargaining and at the plea, because the plea itself lacked a factual basis, and because petitioners did not understand the nature of the charges against them. These contentions are also meritless.
 
 
 10
 "A reading of the indictment to the defendant coupled with his admission to the acts described in it is a sufficient factual basis for a guilty plea, as long as the charge is uncomplicated, the indictment detailed and specific, and the admission unequivocal." United States v. O'Hara, 960 F.2d 11, 13 (2d Cir.1992) (citations and internal quotation marks omitted). We have reviewed the transcript of the plea colloquy and are satisfied that the district court established a factual basis for the pleas of both petitioners. The district court read to Arango and Londono the relevant count of the indictment and asked each of them whether he or she understood the charge. Both unequivocally answered in the affirmative. The district court went on to explain--meticulously--each of the five elements of the charged offense, and went on to verify separately that each defendant entered into the subject conspiracy knowingly, wilfully, intentionally, and voluntarily.
 
 
 11
 At the taking of their guilty pleas, the petitioners unambiguously acknowledged that they understood the nature of the crime with which they were charged. Londono and Arango cannot now belatedly claim to have suffered a confusion that is unsupported by the record. See Fama v. United States, 901 F.2d 1175, 1178 (2d Cir.1990) (defendant's claim he did not understand the offense charged fails when record shows district court explained elements and inquired into factual basis for plea). "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 76 (1977).
 
 
 12
 Arango and Londono claim that they did not know that a person cannot conspire with a government informant or undercover agent. The petitioners also claim they did not know that conspiracy requires more than assisting a willing buyer of drugs to meet a willing seller. Had they known these things, the petitioners claim, they would not have agreed to plead guilty. However, they do not explain why their attorney should have apprised them of these propositions in the law of conspiracy. They do not even claim that these principles are germane. Specifically, the petitioners do not contend that they merely conferred with a government agent, nor do they claim they only assisted a willing buyer to meet willing seller.
 
 
 13
 In their brief, the petitioners concede the following facts: On January 21, 1988, Londono told a government informant that a cocaine shipment was being prepared in Colombia by "Miguel and Carmello." The next day, Arango called the informant to tell the informant to pick up the shipment from the airport and deliver it to her residence in New York. This shipment was intercepted by Colombian authorities. On February 1, 1988, Arango told the informant to pick up another shipment and deliver it to "Roberto" and Arango at a Queens residence. Londono also discussed the same shipment with the informant. Agents observed Londono bring a tote bag and a small box to Arango's residence.
 
 
 14
 Any idea that the conspiracy charged against each petitioner was alleged to have been completed solely by a government agent is refuted by the references to three other participants (Miguel, Carmello, and Roberto); the fact that Londono and Arango both discussed the same shipment with the informant; and the fact that Londono was later seen entering Arango's residence. On these facts, there is no ground to fault counsel for a supposed failure to apprise Londono and Arango about the aspects of the law of conspiracy that petitioners now contend were crucial. There is even less reason to find that the petitioners suffered any prejudice from their ignorance on these points of law. Again, we find no ineffective assistance of counsel at the plea.
 
 
 15
 Finally, Arango and Londono claim that counsel was ineffective at sentencing, because counsel failed to make three objections: (1) the district court failed to articulate a reason for the sentence as required under 18 U.S.C. § 3553(c); (2) Arango received an unjustified two-level enhancement for a supervisory role; and (3) both petitioners should have received a two-level reduction for minor roles. These claims are frivolous.
 
 
 16
 At Londono's sentencing, Londono and his counsel made statements conveying the defendant's remorse and asking for leniency for the sake of Londono's family. The prosecutor then pointed out that, according to the presentence report, Londono initiated and engaged in negotiations with the informant for the subject cocaine shipments. The district court said it would give the defendants a sentence "down the middle," because "[t]here are pluses and minuses here." We have said that "statements made at the time of sentencing must demonstrate that the district judge thoughtfully discharged his statutory obligation, with a degree of care appropriate to the severity of the punishment ultimately selected." United States v. Lopez, 937 F.2d 716, 725 (2d Cir.1991) (citation and internal quotation marks omitted). The district court's statement here sufficed to show that the presence of both aggravating and mitigating factors caused it to choose the sentence it imposed. Thus, the district court complied with 18 U.S.C. § 3553(c). Moreover, Londono was not entitled to receive a reduction for a minor role, as the court could have concluded from the presentence report that Londono's role in the conspiracy was not minor.
 
 
 17
 At Arango's sentencing, the district court said, "Here again[,] there's [sic] some pluses and some minuses." The court specified that the minuses were the presence of drug records and a large amount of cash at Arango's arrest, and the amount of cocaine involved in the offense. The pluses were "spelled out" at sentencing by defense counsel. The district court's statement again sufficed to demonstrate that the sentence imposed was arrived at after balancing the aggravating and mitigating factors. Thus, the district court complied with 18 U.S.C. § 3553(c).
 
 
 18
 It was not improper for the district court to deny Arango a role reduction and to impose a two-level enhancement, because the court could conclude from the presentence report that Arango was the contact person for the Colombian leader of a drug distribution network and exercised control over another participant, one "Roberto." See United States v. Jacobo, 934 F.2d 411, 418 (2d Cir.1991) (facts relied on in sentencing need only be proven by preponderance of evidence). Even in this appeal, Arango does not dispute the findings of the presentence report.
 
 
 19
 Since there was no error in sentencing, petitioners cannot ascribe their sentences to ineffective assistance of counsel.
 
 
 20
 For the reasons set forth above, we affirm the district court and deny the petitions.